---
Ellison *v.* Miller.
---

---◆---

## ELLISON *vs.* MILLER.

A testator, by his will executed previous to the revised statutes, devised the use of all his real estate, to his wife, during widowhood. In 1831, after the revised statutes took effect, the testator became seised of other lands, by purchase, and died in 1833, without having altered, or republished his will. *Held,* that the lands acquired in 1831 did not pass to the widow, under the will, but descended to the heirs at law of the testator.

THIS was an action for the recovery of real estate. The facts appear in the opinion of the court.

*A. Fadden,* for the plaintiff.

*S. L. Griffin,* for the defendant.

BROWN, J. Charles Ellison, the plaintiff, seeks to recover one equal fifth part of certain lands in the town of Hempstead, county of Queens, described in the declaration. The plaintiff claims as tenant by curtesy, as husband of one of the daughters and heir at law of Henry Miller deceased. The marriage

Ellison v. Miller.

and death of the wife, and living issue of the marriage in the life time of the wife, were admitted upon the trial; but her seisin depends upon the legal effect to be given to the will of her father. This will was made and published on the 27th of November, in the year 1813, and was not afterwards republished. He therein devised to his wife, Abigail Miller, the use of all his estate real and personal, as long as she remained his widow, for her to live upon and bring up his children. The defendant is in possession as the tenant of Abigail Miller, the devisee, who still continues his widow. After the publication of this will, and on the 12th day of May, 1831, the testator acquired the title to the lands claimed, by purchase, under a deed of that date, from Thomas Treadwell and Lydia his wife, and then died seised thereof in the year 1833, leaving five children, including the wife of the plaintiff.

Under the old law, unless the testator, at the time of making and publishing the will, had the legal or equitable estate in the lands claimed to be devised, nothing passed. The statute of 32 Hen. 8, ch. 1, explained by the act of 34 Hen. 8, ch. 5, enacted " that all persons being seised in fee simple, (except femes covert, infants, idiots and persons of non-sane memory) might by will and testament in writing, devise to any other person, except to bodies corporate," &c. A will of lands made under authority of these statutes, was considered by the courts of law, in the nature of a conveyance, declaring the uses to which the land should be subject, and upon this idea of a conveyance is founded the distinction between such devises, and bequests of personal chattels, that the latter will operate upon whatever the testator dies possessed of, but the former only upon such real estate as was his, at the time of executing and publishing the will. (2 *Black. Com.* 378. *Cruise's Dig. tit.* 35, 3. *Devise, ch.* 3, 25, 26. *Goodtitle* v. *Otway,* 7 *T. R,* 399. *Lady Strathmore* v. *Bowes, Idem,* 482.) The act concerning wills, passed March 5th, 1813, which was in operation when the will of Henry Miller was published, is very similar in its language with the English statute of Hen. 8, for it provides " that any person having an estate of inheritance, either in severalty, in coparcenary, or

in common, in any lands, tenements or hereditaments, may, at his own free will and pleasure, give or devise the same, or any of them, or any rents or profits out of the same, or out of any part thereof, to any person or persons (except bodies politic or corporate) by his last will and testament." The judgment of the courts upon this statute has been, that to pass the estate the testator must have been seised at the time the will was made, and continue so seised up to, and at the time of his death. (*Jackson* v. *Holloway*, 7 *John. Rep.* 394. *Jackson* v. *Potter*, 9 *Id.* 312.) In order to pass such equitable interests as courts of equity would enforce, it was indispensable that the agreement to purchase should have existed prior to the devise. (*McKennon* v. *Thomson*, 3 *John. Ch. Rep.* 307. *Malin* v. *Malin*, 1 *Wend.* 625.) Such was the law in regard to the transmission of real property by devise, at the time the will under which the defendant claims the title was made; and it remains to be seen how far the rule which would then have governed the rights of the parties has been changed by the statute of wills, which took effect on the first of January, 1830.

The fifth section of the act concerning " wills of real property and the proof of them," (2 *R. S.* 2) is in these words: " Every will that shall be made by a testator in express terms of all his real estate, or in any other terms denoting his intention to devise all his real property, shall be construed to pass all the real estate which he was entitled to devise at the time of his death." A will does not take effect from its date, but from the time of the death of the testator; and its provisions are to be governed by the law as it exists at the time it takes effect. Both before and since the revised statutes, when the subject matter given was personal estate, the will is to be regarded as speaking at the death of the testator; but until those laws took effect, where the subject given was real property, it was regarded as speaking from the date, for the reason given by Blackstone, that a devise was deemed a conveyance, and could only operate upon such estate as the testator had power to convey at the time the will was dated. Such also may be said to be the fair import of the language of the old statute of wills. The present statute has, however, taken away

Ellison *v.* Miller

this distinction, and it gives to words which denote the testator's intention to devise all his real property, the same effect as is given to words of similar import, in respect to personal property. The language of the 5th section is, however, qualified in respect to wills made before 1830, by that contained in the 70th section of the same title, which is, that the provisions of the title "shall not be construed to impair the validity of the execution of any will made before this chapter shall take effect, or affect the construction of such will." That is to say—the fifth section provides that every will that *shall be made* by a testator, of all his real estate, or in any other terms denoting his intention to devise all his real property, shall be construed to pass all the real estate which he was entitled to devise at the time of his death." While section 70 declares that wills *which had been made* before the new statute took effect, shall not be so construed. Both sections speak of the construction of wills: the 5th, that wills that shall be made, are to be construed in a given way, and the 70th that wills then already made, shall not be so construed. What lands of a testator should be deemed to pass to his devisee, under a devise of all his real estate, was manifestly regarded by the framers of the statute, as a question of construction solely; and the language of the 70th section indicates the clearest intention that in respect to wills made before the statute took effect, the old rule of construction should undergo no change, but remain as it always had been.

In opposition to this conclusion, I am referred by the counsel for the defendant to the case of *Bishop and others* v. *Bishop,* (4 *Hill,* 138,) and to the case of *De Peyster* v. *Clendening,* (8 *Paige,* 295.) These two cases, as I read them, involve precisely the same legal principle, to wit: that the provisions of a will, and the nature and validity of the estate thereby created, depend upon the law as it exists at the time of the death of the testator, that being the time when the will takes effect. In *De Peyster* v. *Clendening,* the will was made and published before the provisions of the revised statutes became the law of the land, but the testator died long afterwards. Amongst other things, it created a trust of real property, of that particular

class which the 47th section of the article concerning uses and trusts turns into a legal estate, and vests in the cestui que trust. The chancellor held that the will took effect—not from its date—but from the death of the testator, and that its provisions must depend upon the law as it was at that time. That the 70th section of the act concerning wills of real property, and the proof of them, was not broad enough to reach the case under consideration; and that the provisions of the article relative to uses and trusts, and of the title of the 4th chapter, relative to accumulations of personal property, and expectant estates in such property, might impair the validity of the provisions of a will made before January, 1830, and when the testator did not die until after that time. It is apparent, without further remark, that the question was not upon the construction of the will, and the sense to be attributed to the language which the testator had chosen to employ; but upon the force of the 47th section of the statute of uses and trusts upon the provisions of a will made before the statute took effect. In *Bishop and others* v. *Bishop*, the will was published in 1825, and the testator died in 1840. The premises in dispute were devised in fee to Clement Bishop, a son of the testator, who died in 1833, in the life time of his father, leaving the defendant, George Bishop, his son and heir at law. By the law as it was when the will was made, and before the 1st of January, 1830, the devise would have lapsed. The only question presented for the judgment of the court was, whether this devise was not saved to the child and heir at law of the devisee, by force of the 52d section of the title concerning wills and testaments, &c. (2 *R. S.* 9,) which provides that " whenever any estate real or personal, shall be devised or bequeathed to a child or other descendant of the testator, who shall die during the life time of the testator, such devise or legacy, shall not lapse, but shall vest in the child, or other descendant of the legatee or devisee." The court decided that the will did not take effect until the testator died, which was in 1840, and then the case fell under the influence of the new statute. Mr. Justice Bronson, who delivered the opinion, says, " Section 70, 2 *R. S.* 268, only goes to the execution and construction

of wills made prior to 1830, and does not touch this question." The question did not arise upon the execution, or the construction of the will; but upon the power of the 52d section, to save from destruction that which, without such aid, must have been declared to be a lapsed devise.

I am of opinion that the lands in question, did not pass to Abigail Miller, under the will of Henry Miller, but they descended to his heirs at law.

The plaintiff is entitled to judgment, for the premises claimed in his declaration.

[QUEENS SPECIAL TERM, June 16, 1851. *Brown*, Justice.]