Tracy *v.* Tracy.

---

TRACY, adm'x, &c. *vs.* TRACY and others.

The general rule is that real estase is not to be charged with the payment of legacies, unless the intention of the testator is expressly declared in the will, or clearly to be inferred from the language and dispositions of the will. But when the real and personal estate are blended in one devise to the same person, the real estate becomes chargeable, together with the personal, for both debts and legacies.

THIS action was brought by the plaintiff, widow and administratrix of Otis I. Tracy, who died in 1850, leaving a will, and infant children, as well as other children of full age. The personal property of the testator was insufficient to pay his debts. His real estate was therefore sold, under the order of the court. After the payment of such debts, a surplus of $500 from such sale remained. The suit was brought to obtain among other things a construction of the will of the deceased, and to determine the disposition of the surplus, under the provisions of the will.

The will, after directing the payment of the testator's debts, gave and bequeathed unto each of his children, Joseph, Jane and Mary, one hundred and fifty dollars. The testator then gave all the rest, residue and remainder of his estate, both real and personal, unto his children by his present wife, to wit, Roswell, John, Sarah, William and Charles, and such other child or children, if any, as he should thereafter have, born of his present wife, to be divided between the said children of his present wife, share and share alike, subject to their mother's right of dower in his real estate. And it was declared to be his will, that in making the division of his property between his children none of them should be charged with any thing he had advanced or should advance to them or any of them.

*H. R. Mygatt*, for the plaintiff.

*James Clapp, Jun.* for the infant defendants.

*J. W. Glover*, for the other defendants.

MASON, J. The only question presented in this case is, whether the three legacies of $150 each, to Joseph, Jane and Mary, are to be deemed a charge upon the real estate of the testator. The general rule upon this subject is, that the personal estate is the primary fund for the payment of debts and legacies, and therefore if the testator gives a legacy without specifying who shall pay it, or out of what fund it shall be paid, the legal presumption is that he intended it should be paid out of his personal estate only, and if that is not sufficient, the legacy fails. (*Harris* v. *Fly*, 7 *Paige*, 421.)

The question whether the legacies are a charge upon the real estate in this case, must be determined by reference to the will itself. The general rule is that real estate is not to be charged with the payment of legacies, unless the intention of the testator is expressly declared in the will, or clearly to be inferred from the language and disposition of the will. (*Lupton* v. *Lupton*, 2 *John. Ch.* 614.) Upon the question whether legacies are an implied charge upon the real estate, dependent in all cases upon

Tracy *v.* Tracy.

the language and dispositions of the will, the authorities are very numerous, and the judicial mind finds itself much perplexed to reconcile them. I have no disposition to enter upon a discussion of them. I think the case of *Lupton* v. *Lupton*, before cited, is a sound exposition of the law upon that subject, and is decisive of the case under consideration, unless the blending and combining the real and personal estate in one devise, in this case, shall be held to give a different construction to the will. In the will under consideration the testator has undoubtedly charged his debts upon the real estate. He then gives $150 to each of his children, Joseph, Jane and Mary, and the will then proceeds as follows : " Second. All the rest, residue and remainder of my estate, both real and personal, including all real estate I may hereafter purchase, I give, devise and bequeath to my children by my present wife, &c. &c. to be divided between the said children, share and share alike, subject to their mother's right of dower." There is a blending and combining the real and personal estate in one devise and in the same clause of the will. It must therefore operate to charge real estate with these legacies, or it must operate to charge the real, equally with the personal. The rule seems to be settled that when the real and personal are blended in one devise to the same person, the real estate becomes chargeable with the personal, for both debts and legacies. (*Kidney* v. *Coussmaker,* 1 *Ves. jun.* 436. *Burdwell* v. *Boughton,* 2 *Atk.* 268. *Hassell* v. *Hassell,* 2 *Dickens,* 527. *Beach* v. *Biles,* 4 *Mad.* 187. *Morehouse* v. *Scarp,* 2. *Myl. & Craig,* 707, 8. *Cole* v. *Turner,* 4 *Russ.* 376. *Hassanclever* v. *Tucker,* 2 *Binn.* 525. *Whitman* v. *Norton,* 6 *Id.* 395. *Adams* v. *Brockell,* 5 *Metc.* 282. *Rafferty* v. *Clarke,* 1 *Brad. Rep.* 473.)

I direct therefore that this judgment be entered in the form submitted in the record, declaring these legacies a charge upon the real as well as personal estate.

[CHENANGO SPECIAL TERM, August 3, 1852. *Mason,* Justice.]