## THE ROMAN CATHOLIC GERMAN CHURCH OF THE HOLY CROSS, of Albany, *vs.* CATHARINE WACHTER and others.

L. S., by her last will and testament, bequeathed to the plaintiffs, to be received by them and to be appropriated to the forwarding of the gospel, the sum of $500, and to her brothers and sisters, share and share alike, the balance of her estate, to be divided equally between them; which several legacies or sums of money she ordered and directed to be paid to the several legatees, within one year after her decease. After the will was admitted to probate, the assets received being insufficient to pay the debts of the testatrix, the real estate was sold, by order of the surrogate, and after payment of debts and expenses, the sum of $729.66 remained on hand, to be disposed of under the will. *Held* that the testatrix intended to charge her real estate with the payment of the legacy of $500 bequeathed to the plaintiffs; and the amount of such legacy, with interest and costs, was ordered to be paid out of the fund in the hands of the surrogate.

CASE submitted under section 372 of the code. Louisa Schadelle, who died in Albany on the 17th of September, 1862, by her last will and testament bequeathed to the plaintiffs, to be received by them and to be appropriated to the

forwarding of the gospel, the sum of $500, and to her broth-ers and sisters, share and share alike, the balance of her estate, to be divided equally between them, which several legacies or sums of money she ordered and directed to be paid to the several legatees within one year after her decease. After the will was admitted to probate the assets received being insufficient to pay the debts of the testatrix, the real estate was sold by the order of the surrogate, and, after pay-ment of debts and expenses, the sum of $729.66 remained on hand to be disposed of under the will.

The plaintiffs claim that the surrogate should pay them the sum of $500, with interest. The defendants, who are the brothers and sisters of the testatrix, claim that the be-quest to the plaintiffs was not a charge on the real estate, and cannot be paid out of the avails thereof, and that the whole amount should be distributed amongst them.

*H. Smith*, for the plaintiffs.

*Ira Shafer*, for the defendants.

*By the Court*, MILLER, J.    This case presents the ques-tion whether the testatrix intended to charge her real estate with the payment of the legacy of $500, bequeathed to the plaintiffs.

The personal estate is the primary fund for the payment of debts and legacies. (*Harris* v. *Fly*, 7 *Paige*, 425.) They are never charged on the real estate, unless the testator or testatrix intended they should be ; and that intention must be either expressly declared or fairly and satisfactorily inferred, from the language and dispositions of the will. (*Lupton* v. *Lupton*, 2 *John. Ch.* 623.) This intent will be effectual when found to exist in any form, because the law seeks only to discover and carry out the purposes of the testator. (*Reynolds* v. *Reynolds*, 16 *N. Y. Rep.* 262.)

In ascertaining that intention we are at liberty to look at

the surrounding circumstances of the testator, at the time of making the will, so far as they tend to shed light upon the question of intent. (*Shulters* v. *Johnson,* 38 *Barb.* 80.)

In the case now under consideration, the real estate not having been expressly charged with the payment of the legacy to the plaintiffs, the intention to charge it, if any such intention existed, can only be inferred from the will itself, and the circumstances surrounding the testatrix.

By the will, the testatrix gave the sum of $500 to the plaintiffs, in plain and unmistakable language, and in the very same clause disposed of the balance of her estate among her relatives. There was no general residuary clause disposing of the "rest, residue and remainder," but a general bequest of the balance. What did she intend by the expression "the balance of my estate?" Did she mean the balance which remained of her personal property after the payment of debts and legacies, and the whole of her real estate; or did she intend to include the whole of her real and personal estate together, as an entirety, and to make the deduction of the legacy from that? These are the controling questions to be decided, and they must be determined in view of the general principles already laid down.

It will be observed that the testatrix had made no prior disposition of any portion of her real estate, and the balance, therefore, would include the whole of it. In *Shulters* v. *Johnson,* (38 *Barb.* 80, 82,) it was held that the whole of the real estate was not the "rest, residue and remainder;" that something must be taken from the entirety to reduce it to a rest, residue and remainder. And where a testator has devised by such phraseology, it is necessary to look at the antecedent portions of the will to ascertain what has created *the rest, residue and remainder* thus disposed of. Davis, J. in discussing the subject says: "If we find these terms as applied to the property bequeathed and devised by them are satisfied by the preceding dispositions of the will, then the inference that the testator only meant to dispose of what was

left of his estate, after making previous devises and bequests, so that he should die intestate as to none of it, justly arises. But if we find no antecedent devise by which the real estate of the testator is made to answer the description of the residuary clause, it seems to be natural and just to infer that the testator intended to reduce it to that description by charging the legacies upon it, if that course should be necessary to their payment." If the doctrine here laid down is sound—and it appears to be sustained by numerous authorities—there is but little difficulty, in the absence of any antecedent devise of real estate by the testatrix, in arriving at the conclusion that she intended to charge the real estate, which she left with the payment of the legacy, bequeathed to the plaintiffs.

Although there has been considerable discussion, in reference to the question now raised, in recent cases, and the general principle involved appears to be settled by authority, it may be well to refer to some of the leading cases for the purpose of ascertaining how far they affect the one at bar.

The principle enunciated in *Lupton* v. *Lupton,* (2 *John. Ch.* 614,) is recognized as the law of this state and is relied upon by the defendants' counsel as decisive of the question now considered. In that case the testator, after directing the payment of debts and making provision for his wife during widowhood, by giving her the use of his personal and real estate, gave several legacies and made certain specific devises of real estate, to his grandchildren. He then gave to his three children, after the decease or marriage of his wife, "all the rest, residue and remainder of my personal and real estate not hereinbefore already devised and bequeathed." It was held that the real estate was not chargeable with the legacies. The chancellor, in his opinion, laid considerable stress upon the residuary clause, holding that if it created such a charge, it would exist in almost every case; for it was the usual clause and formula of wills. He considered it as meaning merely that the testator did not intend to die intes-

tate as to any part of his property, and generally as meaning nothing more. He remarks: "It is not sufficient that debts or legacies are directed to be paid; that alone does not create the charge; but they must be directed to be *first* or *previously* paid, or the devise declared to be made *after* they are paid." It will be noticed that the case is distinguishable from the one at bar, in several particulars. In that case there were specific devises of real estate, which left a residue of that, to be disposed of. In the present case there was no such devise, and the balance and not the rest, residue and remainder was to be divided. The case of *Keeling* v. *Brown*, (5 *Ves.* 359,) which was cited and relied upon by the learned chancellor to sustain his views, was also a case where the will directed the debts and funeral expenses to be paid, and devised several parts of his real estate, and then disposed of the rest, residue, and remainder. In both of these cases there was a provision in the will which made the residuary clause applicable. As there was no previous devise of real estate here, even if the same language had been employed, it would not apply. I do not see, therefore, that the rule laid down in *Lupton* v. *Lupton* can be regarded as adverse to charging the real estate of the testatrix with the legacy of the plaintiffs.

In *Tracy* v. *Tracy*, (15 *Barb.* 503,) which was a special term decision, the will, after directing the payment of the testator's debts, gave and bequeathed legacies to certain of his children. The testator then gave all the rest, residue, and remainder of his estate, both real and personal, unto his children by his then present wife, share and share alike, subject to their mother's right of dower. It was decided that the real and personal estate being blended in one devise, to the same person, the real estate became chargeable, together with the personal, for the debts and legacies.

In the present case there are far stronger grounds for saying that the real and personal estate are blended together. A single clause in the will disposes of all the real and per-

sonal property without recognizing any distinction between the two, and devises the balance which remains of the whole estate. In the case cited, as well as in this, there was no previous specific devise of any portion of the real estate.

The case of *Tracy* v. *Tracy* was subsequently affirmed in *Reynolds* v. *Reynolds*, (16 *N. Y. Rep.* 257.) Brown, J. who wrote the leading opinion, thought as the devise was of the rest, residue, and remainder of the estate, the decision was sustained by the authorities, but that it was put upon the wrong ground. The learned justice referred to several cases as sustaining this position, some of which, at least, upheld the doctrine contended for. If this case can be considered as a controlling authority, then the charge of the legacy upon the real estate can be upheld here. The case, in many respects, is distinguishable from *Lupton* v. *Lupton*, and I do not think is in conflict with it.

In *Reynolds* v. *Reynolds*, (16 *N. Y. Rep.* 257,) the testator, after bequeathing several legacies, which he directed to be paid within one year, without designating any fund out of which, or by whom, they were to be paid, in a separate clause devised and bequeathed all his real and personal estate to two of his sons. There was nothing in the will to show an intention that the real estate should be charged, and it was held that the legacies should abate in proportion to the deficiency, and that no part thereof should be charged on the real estate. While the opinion of the judges sanctions the doctrine laid down in *Lupton* v. *Lupton*, it does not affect the question now before us. In fact, so far as it approves of the decision in *Tracy* v. *Tracy*, before cited, it expressly sustains the position of the plaintiff's counsel.

In *Goddard* v. *Pomeroy*, (36 *Barb.* 546,) the testator, by his will, gave to his wife, after payment of his funeral expenses and debts, all his personal estate, absolutely, except $1000 due him on notes, and the interest of that during her life. He also gave her the income of all his real estate, for life. He then bequeathed legacies amounting to $3500,

which were not to become due until after the death of his wife. The remaining part of his property he gave to the Baptist church of York, upon certain conditions which the court adjudged to be invalid. It was held that the real estate was chargeable with the legacies, and that there was enough, taking all the provisions of the will together, to make the intention and the charge entirely clear. If the intention was thus plainly manifested under the circumstances presented in that case, it is certainly more apparent and clear from the testatrix's will here.

In *Shulters* v. *Johnson,* (38 *Barb.* 80,) before cited and commented upon, the testator, by will, gave and bequeathed several legacies to two of his daughters and to two of his sons. And in a separate clause he gave and devised all the *" rest, residue, and remainder"* of his real and personal estate &c. to two other sons, share and share alike. It was held that it was the intention of the testator that the legacies should be paid out of whatever property he should leave, and that only the residue, after their payment, should go to the residuary legatees. While Davis, J. in his opinion, doubts the correctness of the rule laid down in *Tracy* v. *Tracy,* he uses the following language : " It is not, therefore, because the residue of the estate, real and personal, is blended together and disposed of as one fund, that previous legacies are charged; but because in the absence of *specific devises, the blending of the entire estate into one residue,* after giving legacies, indicates an intention to give only the *residue* which would be created when the previous dispositions of his will should be satisfied." . I have before adverted to some other leading features of this case. . It appears to have been well considered, and although one of the judges dissented, the opinion is well reasoned, and sustained by numerous authorities. I think it can be upheld ; and although it is divested of many of the strong features and prominent characteristics which so eminently mark and distinguish this, it disposes of the question under discussion favorably to the plaintiffs.

Vol. XLII.          4

In view of the authorities cited and discussed; considering the circumstances surrounding the testatrix; the fact that at the time of her death, (for from that time the will speaks, *Ellison* v. *Miller*, 11 *Barb.* 334;) that there was an insufficiency of assets to pay the legacy and the debts; that no provision is made for the payment of the debts; the phraseology employed in the will itself, "the balance of my estate," instead of the ordinary residuary clause and formulæ used in wills to dispose of personal property not bequeathed and the remainder of real estate not devised; I am impressed with the conviction that the testatrix intended that the legacy should be paid out of the whole estate. She meant to say that the whole estate should be taken together, and that *after* the payment of the legacy, the balance which remained should be equally divided between her brothers and sisters.

I think, therefore, that judgment should be entered that the legacy, with interest from September 17, 1863, and costs of both parties, should be paid out of the fund in the hands of the surrogate.

Judgment accordingly.

[ALBANY GENERAL TERM, December 7, 1863. *Hogeboom*, *Peckham* and *Miller*, Justices.]