EUNICE H. RAGAN, APPELLANT, v. ANN ELIZA ALLEN
AND SARAH J. BUDD AND OTHERS, RESPONDENTS.

*Will — construction of — Legacy, when a charge upon real estate.*

When a testator gives several legacies, and then without creating any express
fund or trust for their payment, makes a general residuary disposition of the
rest, residue and remainder of his real and personal estate, blending the real
and personal together in one fund, the real estate is to be charged with the
legacies, upon the ground that in such case the rest, residue and remainder can
only mean what remains after satisfying the previous legacies.

APPEAL from a judgment at Special Term dismissing the plaintiff's complaint, in an action to obtain a construction of a will and the payment of a legacy thereunder.

*George W. Smith,* for the appellant. The widow stands in the character of purchaser for a valuable consideration. (1 Jarman, 440; Redfield, 749, § 25; *Isenhart* v. *Brown,* 1 Edw., 411; *Pollard* v. *Pollard,* 1 Allen, 490; *Hubbard* v. *Hubbard,* 6 Metc., 50; *Cole* v. *Niles,* 10 N. Y. S. C. [3 Hun], 326.) The testator intended that the $2,000 should be paid out of real estate if necessary. Both real and personal are blended together. (*Kidney* v. *Coussmaker,* 1 Vesey, Jr., 436; *Aubrey* v. *Middleton,* 2 Eq. Abr., 497; *Cole* v. *Turner,* 4 Russ., 376; Perry on Trusts, § 570; *Dey* v. *Dey,* 19 N. J. Eq., 140.) Legacies are made charges by the same words, that give that effect to debts charged. (*Heuvelt* v. *Whitaker,* 3 Russ., 348 [3 Eng. Ch., 348]; *Dover* v. *Gregory,* 10 Sim., 393; *Mirehouse* v. *Scaife,* 2 Mylne & Craig, 707; *Cole* v. *Turner,* 4 Russ., 377; 2 Jarman, 515, 516; *Rafferty* v. *Cark,* 1 Barb., 473; *Elliot* v. *Hancock,* 2 Vern., 143; Perry on Trusts,

§ 569; 10 Moak's Eng. Rep., 738.) The provision for the widow will be regarded as the primary intention of the testator. (*Pierrepont* v. *Edwards*, 25 N. Y., 128; S. C., 24 How. Pr., 420; *Newton* v. *Stanley*, 28 N. Y., 61; see further cases cited, 10 Moak's Eng. Rep., 735, note; *Cole* v. *Niles*, 10 N. Y. S. C., 326.)

*C. D. Adams*, for the respondents, cites *Lupton* v. *Lupton* (2 Johns. Ch., 614); *Reynolds* v. *Reynolds* (16 N. Y., 257); *Kinnear* v. *Rogers* (42 N. Y., 531); *Babcock* v. *Stoddard* (3 N. Y. S. C., 207).

E. DARWIN SMITH, J.:

The single question presented upon this appeal is, whether the legacy given to the plaintiff in the will of her deceased husband in lieu of dower, and accepted by her, is a charge upon the real estate, the personal estate, after the payment of the debts of the testator, being insufficient to pay such legacy. The will, after providing for the payment of the testator's debts, "gives to the plaintiff, in lieu of dower, the sum of $2,000, to be held by her and for her use, comfort, support and maintenance, to be invested and controlled during the term of her natural life as she may desire, and to spend so much of the principal and interest thereof as may be needed for her support, comfort and maintenance, and after her decease, whatever should remain thereof to be divided between his two daughters and others." The will then gives two legacies, one of $600 to one granddaughter, and to four other grandchildren $100 each; and fourthly is the clause following: "I give and bequeath the rest, residue and remainder of all my real and personal estate of every name and kind soever, to my two daughters," two of the respondents in this action. And in a codicil to said will, afterward executed, the testator recites that he had given his said wife $2,000 for her support and maintenance during her natural life, and in which will he had bequeathed "the remainder of his personal and real estate to others."

The will makes no specific legacy of any property, and designates no fund out of which said legacies should be paid.

In this particular, the case is unlike that of *Babcock* v. *Stoddard* (3 N. Y. Supreme Court, 207). In that case, the testator gave to

his wife all his household furniture, and he also bequeathed to her the use of one-third of fifty-two acres of land owned by him, during her natural life, provided she so long remained his widow. We held, upon the authority of *Lupton* v. *Lupton* (2 Johns. Ch., 614), which has been uniformly recognized, and regarded as asserting the true rule for the construction of wills in respect to the residuary clauses thereof, that the legacies given in said will were not a charge upon the real estate of which the testator died seized.

That case was doubtless correctly decided, but does not, we think, control or affect the proper decision of the case at bar. In this case, the words in the residuary clause of the will, " *the rest, residue and remainder of my real and personal estate*," have no proper or appropriate reference in the preceding portions of the will. They refer to no property given, bequeathed or devised.

The legacies given in the will are bald, naked legacies. So far as relates to any property, in respect to which the words, "the rest, residue and remainder of my estate," relate, they are perfectly meaningless.

The case in this particular is like that of *Tracy* v. *Tracy* (15 Barb., 503), where the real estate was held charged with the payment of the legacies, upon the ground that the real and personal estate were blended, as in this case, in one devise. The learned judge, in that case, cites numerous cases in support of that rule, which are also equally applicable in this case. The case of *Shulters* v. *Johnson* (38 Barb., 80), is also equally analogous to this, and I think a controlling authority upon the question before us.

In that case after several general legacies were given by the will to different children of the testator, without any express provision made for their payment, a general residuary clause was inserted as follows : " I give and devise all the rest and residue and remainder of my real and personal estate " to two other sons.

In substance precisely the same language used in the will under consideration.

In a very careful opinion of the learned judge who delivered the opinion of the court, the whole doctrine on this question was very carefully discussed, and it was held that the words " the rest, residue, and remainder of my real and personal estate," meant the whole

estate, real and personal, and that the testator intended that the residuary legatees should take what was left or remained of the estate, real and personal, after the other previously declared legacies were paid. That case is considered and reviewed, and the rule asserted in it approved in *The Roman Catholic Church* v. *Wachter* (42 Barb., 43). The rule to be deduced from these cases; that when a testator gives several legacies, and then, without creating any express fund or trust for their payment, makes a general residuary disposition of the whole estate blending the real and personal together in one fund, the real estate is to be charged with the legacies, upon the ground that in such case *the rest, residue and* remainder can only mean, what remains after satisfying the previous legacies, is asserted in Hill on Trustees (p. 360), in Tiffany and Bullard, on the Law of Trust and Trustees (p. 305), and Perry on Trusts (§ 570), with reference respectively to numerous English and American cases in support of such rule.*

The judgment should be reversed, and a new trial granted without costs of appeal to either party.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Judgment reversed and new trial granted without costs to either party.

* See *Bevan* v. *Cooper*, 7 Hun, 117. — [REP.