FRANCES STODDARD, PLAINTIFF, *v.* WILLIAM JOHNSON, DEFENDANT.

*Legacies — when they are charged upon land — liability of residuary legatees for payment of.*

A testator, by his will, bequeathed certain specific pecuniary legacies to persons therein named, and then proceeded, " after the payment of my funeral expenses, the payment of my just debts and the payment of the legacies aforesaid, I give, devise and bequeath unto my son, William Johnson, all the rest and residue of my estate, real and personal, wherever the same may be situated." *Held*, that the legacies were charged upon the real estate, and the residuary legatee, by taking possession thereof under and by virtue of the will, became personally liable for the payment of the legacies without any express promise by him.

MOTION for a new trial on a case and exceptions, ordered to be heard in the first instance at the General Term, after a nonsuit directed at the Circuit.

*E. W. Gardner*, for plaintiff. A will giving specific legacies, and then giving the real and personal estate after paying debts, without any direction as to the payment of the legacies, is a charge upon the real estate, where the personal property is shown not to be

sufficient. (*Flynn* v. *Croncken*, 9 How. Pr., 214; *Lupton* v. *Lupton*, 2 Johns. Ch., 614; *Shulters* v. *Johnson*, 38 Barb., 80; *Harris* v. *Fly*, 7 Paige Ch., 421; *Reynolds* v. *Reynolds*, 16 N. Y. [2 Smith] 259 and cases cited; *Tracy* v. *Tracy*, 15 Barb., 503.) The defendant having accepted the devise to him, charged as it was with the payment of these annuities and legacies, it is precisely the same as though the will had given him the real estate and directed him to pay these legacies. (*Kelsey* v. *Western*, 2 N. Y. [2 Com.], 500; *Gridley* v. *Gridley*, 24 N. Y., 130, 134, 135; *Speaker* v. *Van Alstyne*, 18 Wend., 200; *McLachlen* v. *McLachlen*, 9 Paige Ch., 533; affirmed, 5 Denio, 646.)

*D. B. Prosser*, for defendant.

TALCOTT, J.:

This is a motion for a new trial after a nonsuit at the Yates County Circuit, and the exceptions ordered to the General Term in the first instance.

Both plaintiff and defendant are children of Daniel Johnson, late of the said county, and the action is brought to recover of the defendant the interest upon a pecuniary legacy, left to the plaintiff by the will of her late father.

Daniel Johnson died in 1871, in the month of January, leaving a last will and testament, in which, after giving to his wife the use of his house and appurtenances, and various personal property, until the 1st day of April, 1875, and bequeathing to her absolutely certain specific legacies, he gave the plaintiff a pecuniary legacy in the following words: " Third. I give and bequeath unto my daughter, Frances Stoddard, the use and income of the sum of two thousand dollars, to be paid to her annually, for and during the term of her natural lifetime, but such use and income not to commence until the first day of April, 1873. And I do hereby give and bequeath the said sum of two thousand dollars unto the surviving children of my said daughter, after the termination of her life, in equal parts, share and share alike."

The will then provides a legacy of the use and income of $2,000 unto Samaria Johnson, the daughter-in-law of the testator, with remainder, after her death, to her surviving children by his son

George, in equal parts, share and share alike. The will then proceeds: "Fifth. After the payment of my funeral expenses, the payment of my just debts, *and the payment of the legacies aforesaid,* I give, devise and bequeath unto my son, William Johnson, all the rest and residue of my estate, real and personal, wherever the same may be situated.

"Sixthly. For the purpose of securing to my said daughter, Frances Stoddard, and the said Samaria, the wife of my son, George Johnson, the annuities hereinbefore given to them, respectively, and the bequests of the principal sums after the termination of their respective lives, I direct my executor, herein by me appointed, to securely invest upon unincumbered real estate of the value of at least double the amount, in his name as the executor of this my will, and that he receive and pay over to the said annuitants annually during the term of their lives, and the life of the longest liver of them, the said annuities as hereinbefore bequeathed to them respectively, and on the death of either, that he divide the principal sum of two thousand dollars among the surviving children aforesaid of the one so dying, in equal parts, and on the death of the longest liver of them, that he in like manner pay over to the surviving children the said principal sum of two thousand dollars in equal parts."

The will then proceeds to constitute the said son of the testator, William Johnson, the executor of the said will.

At his death the testator was the possessor of a considerable amount of personal property, and was seized of a considerable real estate, consisting of several farms in the county of Yates and elsewhere.

The plaintiffs proved on the trial that the said William Johnson had taken possession of all the real and personal property of the testator under the provision of the said will. The complaint alleged the non-payment to the plaintiff of the annuity to her, or any part thereof, and claimed to recover the three installments thereof, due on the 1st of April, 1874, 1875, 1876, and the action is brought to charge the defendant personally with such payment.

The personal property of the testator, as appeared, was insufficient to pay the debts of the testator, and the question presented by the case is, whether the annuity was a charge upon the real estate, so that the defendant, by entering into the possession thereof

under and by virtue of the will, became personally liable for the payment of the legacy bequeathed by way of annuity to the plaintiff.

If a testator gives a legacy without specifying who shall pay it, or out of what funds it shall be paid, the legal presumption is, that he intended it should be paid out of his personal estate, and if that is not sufficient, the legacy fails. In this case, the testator does not, in terms, create an equitable charge upon the real estate devised to the defendant; but that is not necessary, as the charge of a legacy upon the real estate of a testator, either in aid or exoneration of the personalty, may be, and frequently is, created by implication only. In this case, as in other matters involving the construction of a will, the intention of the testator is the point to be sought for, and when discovered, is all controlling, provided it violate no rule of law. The real estate is not charged with the payment of legacies unless the intention of the testator to that effect is expressly declared or clearly to be inferred from the language and disposition of the will. (*Myers* v. *Eddy*, 47 Barb., 263; *Roman Catholic Church, etc.*, v. *Wachter*, 42 id., 43.) Looking at the whole frame of the will in this case, it cannot be doubted but that the testator intended that the legacies of $2,000 each, to his daughter and daughter-in-law, were to be charged on the lands which were devised to the defendant under the name of residue, and he having accepted such devise and entered into the possession of the property under the will, thereby assumed personally, the obligation of paying the legacies according to the terms of the will. But, by the terms of this will, according to the well-settled law, as laid down by Chancellor KENT in *Lupton* v. *Lupton* (2 Johns. Chan., 614), the legacies were, by express implication, charged upon the residue of the real estate devised to the defendant.

The case of *Lupton* v. *Lupton* has ever since it was decided been regarded as a leading authority in such cases, and is referred to as such in all the cases on this subject in this State. It will be seen that the devise of the rest and residue to the defendant does not take effect until after the funeral expenses and debts, and after " the payment of the legacies aforesaid."

In *Lupton* v. *Lupton* (*supra*) Chancellor KENT states the rule for the interpretation of the will in such a case as follows: " When a testator devises the real estate *after* payment of debts and legacies,

as in *Tompkins.* v. *Tompkins* (Proc. in Chan., 397), and in *Sha'·cross* v. *Fincler* (3 Ves., 378), or where he devises real estate after a direction that debts and legacies be first paid, as in *Hall* v. *Vernon* (Proc. in Chan., 430), and in *Williams* v. *Chitty* (3 Ves., 545) the real estate has been held to be charged. It is not sufficient that debts and legacies are directed to be paid; that alone does not create the charge; but they must be directed to be first or previously paid or the devise declared to be made after they are paid." (*Lupton* v. *Lupton*, *supra*, op. page, 623.)

See, also, *Shultus* v. *Johnson* (35 Barb., 80), where a legacy was held to be charged because spoken of as a "residue," when there was no other disposition of any real estate, although no words were used indicating that the legacy was to be paid before the devise of the residue took effect. It was held that the intention of the testator was that the legacy should be paid out of whatever property he should leave, and only the "residue" after such payment went to the devisee.

So, it has been held that when real and personal estate are mingled in one mass and so are devised to a residuary devisee and legatee, that in such case the legacies are charged on the realty. (*Tracy* v. *Tracy*, 15 Barb., 504.) So where the testator gave the "balance" of his estate after having given legacies (*Roman Catholic Church* v. *Wachter et al.*, 42 Barb., 43), the legacies were held to be charged on real estate. See, also, *Harris* v. *Fly et al.* (7 Paige, 421); *Lewis* v. *Darling* (16 How. [U. S.], 1); *Corwin* v. *Corwin* (9 C. E. Green [N. J.], 579). Where legacies are charged upon real estate and the personalty is insufficient for their payment, as in this case, if the devisee accepts the devise under the will, such acceptance creates a personal liability, on which an action can be maintained without any express promise. (*Gridley* v. *Gridley*, 24 N. Y., 130.) So that, although there was some proof in this case that the defendant had repeatedly said that he meant to abide by the provisions of the will, such proof was unnecessary. The proof was full and clear that he had entered into the possession of the real estate, claiming under the will, and it is unconscionable as well as illegal on his part to refuse to pay the provision made for his sister, the plaintiff, while assuming to take and hold the property,

which was only bestowed on him on the condition that the plaintiff's annuity should be first paid.

A new trial is granted, costs to abide the event.

Present — Mullin, P. J., Talcott and Smith, JJ.

Ordered accordingly.