SAMUEL HALL, AS EXECUTOR, &c., RESPONDENT, v. ROBERT THOMPSON AND OTHERS, APPELLANTS.

*Will—when the court will supply a word omitted therefrom—when legacies are a charge upon the real estate.*

A testator, by his will directed his executor "to sell and dispose of" sufficient real estate to pay off a specified mortgage, and then provided that, "at the death of my said beloved wife my executor *shall and dispose* of all my estate, and the accumulations and profits thereof, either by public or private sale," and divide the avails thereof as therein provided.

*Held*, that the word "sell" might be supplied before the word "and," or the word "and" be omitted in order to carry out the evident intention of the testator.

The second item of the testator's will was as follows: "As to my worldly estate and all the property, real, personal and mixed, of which I shall die seized and possessed, and to which I shall and may be entitled to at the time of my decease, I devise, bequeath and dispose of in the following manner, viz." He then gave directions as to the payment of certain sums, and provided that, upon the death of his wife, the executor should sell his estate and dispose of the avails among certain persons therein named.

*Held*, that the intention of the testator was to blend all his property, real, personal and mixed, into one estate, and appropriate it to the objects expressed

in the will, and to the discharge of all the burdens created by the terms thereof; and that the legacies were, therefore, a charge upon the real estate.

APPEAL from a judgment, entered upon the trial of this action at Special Term.

The action was brought to procure a judicial construction of the will of Robert Thompson. The question in dispute related to the construction to be given to the eighth item of the will, and to whether or not the pecuniary legacies bequeathed by the will were charged upon the real estate. The will provided :

" *First.*—I commend my immortal being to him who gave it, and my body to the earth, to be buried respectably, with the least expense.

" *Item*   .—As to my worldly estate and all the property, real, personal and mixed, of which I shall die seized and possessed, and to which I shall and may be entitled to at the time of my decease, I devise, bequeath and dispose of in the following manner, viz. :

" *Item*   .—My will is that all my just debts and funeral expenses shall be by my executor hereinafter named first paid out of my estate, as soon after my decease as shall by my executor be found convenient.

" *Item*   .—I empower my executor hereinafter named, as soon as possible after my death, to sell, dispose and convey sufficient of my real estate to pay off the mortgage and interest thereon then existing upon my house and lot, number 196 Prince street, in the city of New York, aforesaid.   .   .   .

" *Item*   .—At the death of my said beloved wife my executor shall and dispose of all my estate, and the accumulations and profits thereof, either by public or private sale, and divide the avails thereof, share and share alike, to and' among my children, Mary Ann Baird, Isaac Thompson and Robert Thompson, or such of them as may be living at the time of my death ; and if any such die married, leaving lawful issue, then and in that case such lawful issue shall have, share and share alike, the amount that would be due to their deceased parent were he or she or they still living at that time."

*Henry Parsons,* for the defendant, Lawson and others, appel-

lants. Although the will and codicil do not, in express terms, make the legacies a charge upon the real estate, there is sufficient in the will itself and all the facts to raise the reasonable and obvious implication that such was the intention of the testator. (*Bevan* v. *Cooper*, 72 N. Y., 317; *Taylor* v. *Dodd*, 58 Id., 335; *Lupton* v. *Lupton*, 2 Johns. Ch., 614; *Harris* v. *Fly*, 7 Paige, 421.) When the entire estate, real and personal, is blended in one devise, or where a power of sale is given to the executors to convert real and personal estate into cash, it becomes chargeable as personalty for both debts and legacies. (*Tracy* v. *Tracy*, 15 Barb., 503; *Taylor* v. *Dodd*, 58 N. Y., 335.)

*Edward S. Clinch*, for the infant defendants, appellants. A charge of a legacy upon real estate is not to be brought about by doubtful words or implications. Legacies are always presumptively payable out of the personalty, and if there prove to be a deficiency for the payment of legacies, they must abate, unless expressly charged on the real estate. (2 Redf. Law of Wills, 208; *Reynolds* v. *Reynolds*, 16 N. Y., 257; *Lupton* v. *Lupton*, 2 Johns. Ch., 614; *Myers* v. *Eddy*, 47 Barb., 263; *Spillane* v. *Duryea*, 51 How. Pr., 260; *Babcock* v. *Stoddard*, 3 Sup'm. Ct., 207.)

*Charles E. Crowell*, for the respondent. The personal estate is the primary fund for the payment of legacies, and the real estate is not charged with the payment, unless there is clear evidence of intention, or it may be inferred from the language and disposition of the will. (*Reynolds* v. *Reynolds*, 16 N. Y., 259, and cases cited; *Lupton* v. *Lupton*, 2 Johns. Ch., 623; 1 Roper on Legacies, 671, Am. ed., 1848; *Taylor* v. *Dodd*, 58 N. Y., 348; 2 Redf. on Wills, 207.)

BRADY, J. :

This action was brought to obtain a construction of the will and codicil of Robert Thompson, late of the city of New York, deceased, who died in 1866.

Two questions were presented for consideration to the court below; the first arising from what is properly designated the palpable omission of a word in a provision of the will, to which reference

will be made; and the second whether the legacies were chargeable upon the real estate, the personal estate having been insufficient to pay them.

The provision under which the first question arises is as follows: "At the death of my said beloved wife my executors shall and dispose of all my estate, and the accumulations and profits thereof, either by public or private sale, and divide the avails thereof, share and share alike, to and among my children, Mary Ann Baird, Isaac Thompson and Robert Thompson." It was properly said below, with reference to this question, that the use of the words "sell and dispose," in a prior part of the will, indicated the omission to be of the word "sell" in the clause recited, and that it might be supplied; or the word "and" might be rejected as surplusage, and thus the evident intention of the testator made plain. This view is regarded as a correct disposition of the question discussed.

The learned justice, however, upon the second question, came to the conclusion, and after a very careful examination, that the legacies were not chargeable upon the real estate or its proceeds. In this, however, it is thought he erred.

A reference to the will itself discloses the first item of it to be as follows: "As to my worldly estate and all the property, real, personal and mixed, of which I shall die seized and possessed, and to which I shall and may be entitled at the time of my decease, I devise, bequeath and dispose of in the following manner." And then follows the gift of several legacies of money; and on reference to the codicil it is found that, in the last item, the testator provided as follows:

"In every other respect than the foregoing codicil I declare my said last will and testament of the 17th Sept., 1865, to be unchanged." And in no respect whatever did the codicil interfere with the item quoted from the will itself.

Upon a question of construction the most important element is the intention of the testator; and it seems to be quite evident, from the language of the item recited, that the testator, for the purpose of carrying out the provisions of his will, appropriated the whole of his property; an intention manifested after marshalling it all together by the use of the words, "I devise, bequeath and dis-

pose of in the following manner," and that manner involved the payment of the legacies which he gave. The item blended all his worldly estate, real, personal and mixed, thus uniting his whole estate for the general purposes of his will, and, in the disposition of it, destroying all distinctions as to its legal character in its application, although, as is suggested by Judge FOLGER, in *Bevan* v. *Cooper* (72 N. Y., 317), the primary fund for the payment of legacies is the personal estate; and although this is undoubtedly the general rule, nevertheless, if an intention to the contrary can be gathered from the terms of the will, the intention must prevail.

It does not appear from anything in this will, expressly or impliedly, that the testator meant that the legacies should be paid out of his personal estate alone. It does appear, however, to have been his intention, from the blending of his estate in the manner stated, to appropriate it to the objects expressed in his will, and therefore to the discharge of all the burdens which he created by the terms of that instrument. .

Having arrived at this conclusion, it may be unnecessary to devote any more attention to the question stated. But, nevertheless, the result arrived at can be strengthened by the application of the rule, well settled, that when the entire estate, real and personal, is blended in one devise, or where a power of sale is given to the executors to convert real and personal estate into cash, it becomes chargeable as personalty for both debts and legacies (*Tracy* v. *Tracy*, 15 Barb., 503, and cases cited; *Taylor* v. *Dodd*, 58 N. Y., 335.) Such a blending was made as already suggested, and a power of sale given to the executor, thus bringing the provisions of the will within the principle stated.

We do not regard the case of *Lupton* v. *Lupton* (2 Johns. Ch., 614) as in conflict with any of the views expressed. So far as it applies to this case, it is in harmony with them.

For these reasons, we think the judgment should be reversed, wherein it decrees that the legacies were not chargeable upon the real estate, and judgment given for the appellants, making the legacies a charge upon the real estate, or payable out of the proceeds thereof, with costs to the appellants.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment reversed, and judgment ordered as directed in opinion.