[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 259 
When a person dies leaving a will and personal and real property, his debts and pecuniary legacies bequeathed by the will are to be paid from his personal property, and, in case of a deficiency of personal property, the legacies must abate unless he charges his real estate with the payment. The charge upon the real estate may be made, by the testator, either by express directions to that effect contained in the will, or the intention thus to charge it may be implied from the whole will taken together. (Lupton v. Lupton, 2 John. Ch. R., 614; Harris v.Fly, 7 Paige, 421.) Where a testator directs his debts and legacies to be first paid, and then devises real estate; or where he devises the remainder of his estate, real and personal, after payment of debts and legacies; or devises real estate after payment of debts and legacies, it has been held that the real estate was charged. (Newman v. Johnson, 1 Vern., 45;Harris v. Ingledew, 3 P. Will., 91; Trott v. Vernon, 2Vern., 708; Kentish v. Kentish, 3 Br. Ch. C., 257;Shalcross v. Finden, 3 Ves., 739; Tompkins v. Tompkins,Prec. in Ch., 397; Williams v. Chitty, 3 Ves., 545;Hassel v. Hassel, 2 Dick., 527; Brudenell v. Boughton,
2 Atk., 268; Bench v. Biles, 4 Mad., 187.) So, too, where the devisee of real estate is appointed executor, and is expressly directed to pay debts and legacies, the charge will be created. (Henvell v. Whitaker, 3 Russ., 343; Doe, ex. ofPratt, v. Pratt, 6 Adol. Ellis, 180; Alcock v.Sparhawk, 2 Vern., 228; Dover v. Gregory, 10 Simons,
393.) But I find no case subjecting the real estate of a testator to the *Page 260 
payment of legacies, unless an intention to that effect was expressed in or fairly to be inferred from the terms of the will. (Warren v. Davies, 2 Myl. Keene, 49; Lupton v. Lupton
and Harris v. Fly, supra.)
In this case, the testator, by his will, gives a legacy of $1200 to his son, the plaintiff, and several other legacies to other relatives, without specifying how, by whom, or from what fund they shall be paid, except that they are to be paid within one year after his decease; and then, after giving to his wife the use, during life, of his furniture and of two cows, he, in terms, bequeaths and devises to his two sons, the defendants, all and singular his real and personal estate, to be equally divided between them, and appoints them his executors. The legacies are not directed to be first paid, and the devise and bequest to the executors do not purport to be of the remainder of his estate. In short, there is nothing in the will indicating an intention that the real estate should be charged.
It is claimed that, inasmuch as it is the duty of executors to pay legacies, those named in this will are, in effect, directed to pay the legacy to the plaintiff; and although the will, in terms, gives to the defendants the testator's whole property, both real and personal, yet that, in fact, only the residue is devised and bequeathed, and that, therefore, within the principle of the authorities, the land is charged.
The argument, if sound, would prove that the charge will exist in all cases where a devisee of land is appointed executor, unless the testator has expressly directed the contrary; while the authorities are, that resort can be had to personal property only for the payment of pecuniary legacies, unless the will shows either an express or implied intention to charge the land; and in all the cases I have examined, in which it has been held that the land was charged, the will has contained some provisions or expressions like those above referred to, or of similar import, indicating such intention *Page 261 
while in the will in question nothing of the kind is contained.
It is further claimed that the testator has blended his real and personal property into a common fund and given it to his executors, and thereby has manifested an intention to charge the whole with the legacies. There is, in fact, no blending of the property into a common fund, and the real and personal property is no further blended than by devising and bequeathing it by the same sentence in the will; and the same thing was done by the will under consideration in Lupton v. Lupton, and yet it was held that the land was not charged.
Where a testator, by his will, directs his real and personal estate to be sold and converted into a common fund, charging the fund with the payment of debts and legacies, it has been held that the charge is not primarily upon that part of the fund arising from the personalty, but that the portion arising from each is charged proportionably. Such are the cases of Roberts
v. Walker (1 Russ. Mylne, 752); Kidney v. Coussmaker (1Ves., Jr., 436); Salt v. Chattaway (3 Beav., 576), andStocker v. Harbin (3 id., 479).
In Tracy v. Tracy (15 Barb. S.C.R., 503), decided at special term, a testator, by his will, after giving three legacies of $150 each, devised and bequeathed all the rest, residue and remainder of his estate, both real and personal, to his children by his then present wife, to be equally divided between them, and it was held that the real estate, with the personal, was charged with the legacies; and the reason given by the learned justice who tried the cause for his so holding was, that there was a blending and combining of the real and personal estate in one devise and in the same clause of the will. As the devise was of the rest, residue and remainder of the estate, the decision is sustained by the authorities; but I think it was put upon the wrong ground. In the cases of Bench v. Biles (4Madd., 187); Hassell v. Hassell (2 Dick., 526);Brudenell v. Boughton (2 Atk., 268); *Page 262 Cole v. Turner (4 Russ., 376), and Nicholls v.Postlethwaite (2 Dall., 130), real and personal property were bequeathed together, and the real estate was charged with legacies, not on the ground of the blending of the two kinds of property, but because in each the rest, residue and remainder of the property were devised and bequeathed.
In Nyssen v. Gretton (2 Young Coll. Exch. R., 222) it was expressly held that the fact that a mixed fund of real and personal estate was devised and bequeathed to the executor was not of itself sufficient to charge legacies upon the real estate, and I think this case is in accordance with the weight of the authorities. The question, whether the real estate is charged, is one of intention on the part of the testator; and no such intention is indicated by giving real and personal property by the same clause of a will.
I think the judgment should be affirmed.