# SUPREME COURT.

CATHARINE SPILLANE agt. CATHARINE DURYEA and others.

*Will — when real estate of the testator not chargeable with payment of legacies. — demurrer to complaint.*

Where the testatrix, by her will, gave certain legacies, and then gave and devised "all the rest, residue and remainder of her estate, real and personal," to her two sisters, and it appeared that the personal estate was insufficient to pay the legacies —

*Held*, that the real estate, devised as above mentioned, was not chargeable with the payment of the legacies.

*New York Special Term, May*, 1876.

DEMURRER to complaint.

*Mr. Malone*, for plaintiff.

*Mr. Fine*, for defendant.

VAN VORST, *J.* — This is an action brought by the plaintiff, a legatee under the will of Eliza Shelly, deceased, against the defendants, who are the devisees of the residuary estate of the testatrix, for the sale of the residuary real estate, or so much thereof as may be sufficient to satisfy and pay the plaintiff's legacy out of the proceeds thereof.

By the will in question, the testatrix, after directing the payment of her debts and funeral expenses, gave legacies to several persons, and among them, a legacy of $500 to the plaintiff.

The testatrix also gave a house and lot to her brother; and then, under the fifth clause of her will, gave and devised "all the rest, residue and remainder of her estate, real and

personal," to her two sisters, who, with their husbands, are made defendants in this action.

The will does not, in terms, make the legacies chargeable upon the real estate, nor does it direct that they should be paid by the devisees of the residuary estate.

It may be stated, as a general rule, that the personal estate is to furnish the funds for the payment of legacies. "But the personal estate may be exonerated, or the real estate may be made to aid the personal, if there be express directions to that effect in the will; or if such be the clear intent of the testator to be gathered from its provisions" (*Taylor et al.* agt. *Dodd et al.*, 58 *N. Y.*, 335, *per* FOLGER, *J.*).

It is quite clear in this case that there are no directions in the will by which the real estate is chargeable with the payment of legacies in whole or in part. Nor can such intention be gathered from the will, unless it be from the language of the residuary clause, which gives "all the rest, residue and remainder" of the estate to the defendants, the devisees thereof.

There is no express averment in the complaint that the testatrix did not leave sufficient personal estate to pay the legacies. There is an allegation, however, that the executors have rendered a final account, and have been discharged; and that, by the account, it appears that all the personal estate which the testatrix left has been disposed of, and there now remains no personal property belonging to the estate. The plaintiff avers that her legacy has not been paid, or been provided for in the final accounting, in whole or in part.

It may well be questioned, whether these allegations in respect to the accounting, and what appeared thereby, amount to an averment that there was not left by the testatrix personal property sufficient to pay all the legacies if the same had been faithfully applied and administered by the executors.

But it is not best to allow the case to go off on such technical ground, which might, perhaps, be cured by an

amendment; and the demurrer will be disposed of on the assumption that there was not, in fact, sufficient personal property left by the testatrix to pay the legacies given by her.

*Lupton* agt. *Lupton* (2 *Johns. Chy.*, 614), decides what is reiterated in *Taylor* agt. *Dodd* (*supra*), that real estate is not charged with the payment of legacies, unless the intention of the testator to that effect is expressly declared, or clearly to be inferred, from the language and dispositions of the will.

This case also decides that the usual clause devising " all the rest of his real and personal estate, not before devised," is not sufficient to show an intention to charge the real estate.

But if the real estate be " devised after payment of debts and legacies," it is charged with the payment of them. The will under consideration, it will be observed, does not devise the residuary estate " after payment of debts and legacies," but is simply an unqualified disposition of "all the rest, residue and remainder of the estate."

*Myers* agt. *Eddy* (47 *Barb.*, 263), contains a review of all the decisions upon the question ; and the learned judge who delivered the opinion in that case says, in substance: "*Unaided* and *alone*, the words ' all the rest and residue of my real and personal estate, not before disposed of,' are insufficient to charge the real estate with the payment of legacies " (*Reynolds* agt. *Reynolds*, 16 *N. Y.*, 257; *Kinnier* agt. *Rogers*, 42 *N. Y.*, 531, *opinion of* LOTT, *J.*).

The examination of the first ground of demurrer, and the result reached, renders it unnecessary to examine the other grounds.

The complaint does not state facts sufficient to constitute a cause of action, and there should be judgment for the defendant on the demurrer, with costs.