VICTOR JEROME HOYT and others, Respondents, v. ANSON B. HOYT and others, Appellants.

*Legacy — when charged on real estate — power of sale — what not an execution of.*

A testator by the first clause of his will directed the payment of all his just debts; by the second he gave $1,500 to each of certain legatees therein named; and by the third he gave and devised "all the rest residue and remainder of my (his) real and personal estate to" persons therein named.

*Held*, that the legacies given by the second clause were charged upon the real estate.

By a codicil his wife was authorized to sell and dispose of any or all of the real estate, subject to the approval of each and every of his heirs surviving at the time of the sale. The personal estate was not sufficient for the payment of the legacies. The plaintiffs, legatees and grandchildren of the testator, joined with the widow and other heirs in a deed of conveyance of all the real estate to one of said heirs, and also executed another deed in which they approved and ratified the conveyance. They were induced so to do by the representation, that it was necessary to execute the papers in order to obtain funds for the payment of the legacies. No consideration was given by the grantee, and at the time of its execution none was expressed in the instrument, though one was subsequently inserted.

*Held*, that the conveyance was not a proper execution of the power of sale, and that plaintiffs might bring an action to have it set aside.

Conveyances were subsequently made by the grantee, and mortgages given by her and her grantees. The attorney for the mortgagees knew the purpose for which the deeds were given, and that there had been no valid execution of the power of sale.

*Held*, that the mortgagees were chargeable with notice of these facts, and that the mortgages were invalid in so far as plaintiffs' rights were concerned.

*Held*, further, that as at the time of the conveyance the plaintiffs had no estate in the lands which could be conveyed by grant, and as the deeds, though containing words of release, were not intended to operate as a release, they were wholly inoperative to discharge the plaintiffs' lien.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

One Belding Hoyt died leaving a will, which provided, among other things, as follows :

First. I order and direct that all my just debts be paid.

Second. I give and devise to my grandchildren Jerome Hoyt, Montraville Hoyt and Peter Van Schruyver Hoyt, children of my son William, the sum $1,500 each, to be paid to them upon arriving at the age of twenty-one years, respectively.    *    *    *

Third. I give and devise all the rest, residue and remainder of my real and personal estate to my beloved wife Rebecca, to be used and enjoyed by her during the term of her natural life, and from and immediately after her decease I give and devise the same as follows : * * *

By a codicil thereto he directed "that my said wife, Rebecca, may at any time during her lifetime sell and dispose of any or all of my real estate, giving and granting unto my said wife full power and authority to execute and deliver to the purchaser or purchasers thereof the proper instruments in writing for the conveyance of the same in law, provided, nevertheless, and upon the express condition that such sale or sales shall be subject to the approval of each and every of the heirs of my said estate surviving at the time of such sale or sales as aforesaid."

This action was brought by the plaintiffs, legatees named in the second clause of the will, to have certain conveyances made by them set aside, and to have their legacies satisfied out of the real estate of the testator.

The justice, before whom the action was tried, found among things that Hoyt died seized of real estate, in the city of Yonkers, particularly described in the complaint in this action. That his personal estate was entirely inadequate to pay his debts, and to pay the testamentary legacies to plaintiffs given in and by said will ; that the plaintiffs are the legatees named in the said will ; they are each of the age of twenty-one years and upwards ; they are the grandchildren of the testator, and three of the persons described in the said will and codicil as heirs ; that in or about the month of January, in the year 1875, the plaintiffs were induced, by representations made to them by Noah B. Hoyt on behalf of the defendants Adelia Emiline Hoyt, Anson B. Hoyt, William G. Ackerman and said Noah B. Hoyt, to, and they did sign, execute and acknowledge a certain instrument in writing, bearing date the 9th day of January, 1875, recorded in the office of the register of the county of Westchester on the 5th day of March, 1875, which said deed or conveyance purported to be made by Rebecca Hoyt of the first part, Adelia Emeline Hoyt of the second part, and Anson B. Hoyt, Noah B. Hoyt, George W. Hoyt, Adelia Emeline Hoyt, Jerome Hoyt, Montraville Hoyt and Peter

V. Hoyt of the third part; the said Rebecca Hoyt being the widow of said Belding Hoyt, and the other parties, with the exception of the plaintiffs, being children of the said Belding Hoyt, and which instrument in writing purported to convey to the said Adelia Emeline Hoyt of the second part all the real estate of which the said Belding Hoyt died seized in the county of Westchester; and which deed contained a clause by which these plaintiffs ratified and approved, and in all respects confirmed the said conveyance and consented to the making thereof; and that simultaneously and induced by the same representations the said plaintiffs also executed a certain other instrument in writing, bearing date the 9th day of January, 1875, executed between the same parties as the instrument last-mentioned (and other persons, being the wives of some of the parties thereto), recorded in the office of the register aforesaid, on the 5th of March, 1875, by which the same premises were conveyed to the said Adelia Emeline Hoyt; that at the time of the signing, execution and delivery of the two instruments last aforesaid by the said plaintiffs, neither of said instruments expressed on its face any consideration whatever; no pecuniary consideration was mentioned therein; but after such execution, and without the privity of the plaintiffs, or either of them, the sum of $75,000 was inserted in said instrument in writing, first herein mentioned as the consideration thereof; that the representations so made to the said plaintiffs to induce them to execute said instruments in writing were: That by signing and executing the same the said Anson B. Hoyt and William G. Ackerman, executors as aforesaid, would be in a situation by which they could obtain funds for the payment of the legacies aforesaid, and that the said legacies could not be paid without these plaintiffs executing said papers; that unless said representations had been made to the plaintiffs they would not have signed and executed said deeds, and that the said representations were made, to lead them to believe that by executing said papers they would receive the amount of their legacies; that no sale of the premises aforesaid was ever made under the power of sale contained in the codicil aforesaid, and that no other conveyance was made of said premises, excepting the two instruments in writing before mentioned, by which the power of sale contained in said codicil was

attempted to be exercised; that immediately after the execution of the two instruments in writing herein set forth, the said Adelia Emeline Hoyt made and executed, under her hand and seal, four certain deeds or instruments in writing by which she conveyed portions of the said lands to certain of the parties to the joint conveyance and to one Ackerman; that Ackerman held a mortgage given by one of the heirs-at-law upon his interest in the estate, and that certain other mortgages were given by the grantees of the said Adelia Emeline Hoyt; that the said mortgages were negotiated by, and the transactions in relation to the loans thereby secured were all had and made with the attorney and counsel who drew and prepared all the instruments in writing by which the premises of said Belding Hoyt, or any portion thereof, were conveyed, or purported so to be, as hereinbefore mentioned, and the said party was the agent of the mortgagees, making the loans as aforesaid, and had notice of all the conveyances aforesaid, and of the contents of the will of the said Belding Hoyt.

The justice found as conclusions of law, that by the will of the said Belding Hoyt he intended that the legacies given thereby to the plaintiffs should be a charge upon all his real estate; and that by said will said legacies were charged upon said real estate; and that the power of sale, given in and by said codicil, was intended for the purpose of providing a fund out of which said legacies should be paid; that said power of sale has never been executed; that all the lands of the said Belding Hoyt, of which Belding Hoyt died seized remain charged with the payment of the amounts so due to the respective plaintiffs on the legacies so given to them, together with the interest thereon from a period of one year from the time of the granting of the letters testamentary upon said will; that all the conveyances and all the mortgages hereinbefore mentioned are subject to the prior lien or incumbrance of said legacies, and that such lien attaches upon all said lands, before and in preference to any of the conveyances or mortgages hereinbefore mentioned; that the whole of the premises of which said Belding Hoyt died seized should be sold together by, or under the direction of David Verplanck, who was thereby appointed a referee to make the sale, and out of the proceeds to satisfy the amount still unpaid for principal and interest on said legacies, and the costs

and allowances of the plaintiffs in this action; and also to pay out of the said proceeds the amount due to the defendants, Edward D. G. Prime and Harriette S. Davidson on the three several bonds and mortgages held by them respectively.

*C. Frost, R. W. Van Pelt* and *Matt. H. Ellis,* and *Ellis & Sweny,* for the appellants.

*Davidson & Prime, W. L. Cowdry* and *John S. Lawrence,* for the respondents.

GILBERT, J.:

The questions which we have to decide are: First. Whether the legacies were a charge upon the real estate devised; and, Second. Whether that real estate was discharged of the legacies by the conveyances dated January 9, 1875. The plaintiff's are the children of a deceased child of the testator. The gifts made by him are contained in the second and third clauses of his will. By the second, the testator gave and devised to each of the plaintiff's a legacy of $1,500. By the third, he gave and devised "all the rest, residue and remainder" of his real and personal estate to his wife for life, with remainders in specified shares to his children.

If the first question was *res integra,* the argument made on behalf of the defendants might possibly prevail. But at this late day, I think that there ought not to be a serious question upon the subject in the mind of any person. The words, "rest, residue and remainder" in a devise of real and personal estate, have been for a long period interpreted to mean that which is left of both realty and personalty, after what has been given before has been deducted. There have been contrary decisions; but the decided preponderance of authority is on the side of such construction. (*Greville* v. *Browne,* 7 H. of L. Ca., 689; *Lupton* v. *Lupton,* 2 Johns. Ch., 623; *Shulters* v. *Johnson,* 38 Barb., 80; *Reynolds* v. *Reynolds,* 16 N. Y., 257.) Here the real and personal estate are united together in one gift, and that gift is only of the "rest, residue and remainder" thereof—that is to say, after paying the legacies, no matter how, the donee shall have the property discharged of

the same. The general rule that the personal estate is the fund out of which the legacies are to be paid does not govern the case. If they are so paid very well. If they are not paid they remain a charge upon the whole estate. As was said in *Grenville* v. *Browne* (*supra*), " it is considered that the whole is one mass — that part of that mass is represented by legacies, and that what is afterwards given is given minus what has been before given, and given, therefore, subject to the prior gift." The direction to pay debts does not affect this question in any way. The only effect is to give priority to creditors over all legatees and devisees — creditors would have had such priority if no direction to pay debts had been inserted in the will.

With respect to the second question, my answer must be in the negative. The first deed made on the 9th of January, 1875, purports to have been made in execution of a naked power of sale, unaccompanied by any trust or duty granted to the testator's widow by the codicil to his will ; but in fact there was no execution of the power, for the transaction had not even the semblance of a sale. It was a mere contrivance to vest the estate of the devisees in the grantee for the more convenient management and disposition of it. The assent of the plaintiffs thereto was asked and obtained on the ground that it was necessary, because the power of sale was granted upon condition that the sale should be approved by each and every of the heirs of the testator. Such was the fact. The deed referred to, conveyed the lands devised to Adelia E. Hoyt, one of the devisees, but it expressed no consideration. A second deed was executed bearing the same date and acknowledged on the same day, namely March 5, 1875, which conveyed the same lands to the same grantee. The grantors in the last deed are the widow and devisees of the testator, together with the wives of such of the men as were married, and the plaintiffs. This deed was made for the same purpose as the first. It was made without consideration and no consideration is expressed therein. The signatures of the plaintiffs to both deeds were obtained solely upon the representation that it was necessary that they should execute said deeds in order to obtain payment of their legacies, because the codicil required their approval as well as that of the testator's children, of any sale of the real estate devised.

The evidence shows very clearly that a discharge of the lands from the legacies was not sought, and that that object was not in the contemplation of any of the parties to the deeds. They, no doubt, supposed that the legacies were not a charge upon the lands. The facts stated are sufficient to prevent the operation of the deeds or either of them as a discharge of the lands from the legacies, except as against *bona fide* purchasers. Adelia E. Hoyt, the grantee in both deeds, is not such a purchaser nor are her grantees, for they were all participants in both transactions.

I am also of opinion that the mortgagees before the court have acquired no rights superior to those of the plaintiffs, even assuming that such mortgagees are not affected with notice of the representations which induced the plaintiffs to unite in the deeds. For each of them is chargeable with notice that the deeds were made without consideration. Moreover the plaintiffs had no estate in the lands conveyed. The conveyances operated as grants, and passed no greater estate or interest than the plaintiffs possessed, and as they possessed no estate none passed from them. (1 R. S., 739, §§ 142, 143.) The charge upon the lands in their favor was neither a *jus in re* nor a *jus ad rem.* It was a mere lien. That could be discharged only by an instrument which operated as a release. Although the deeds contain words of release, yet they were inserted as words of conveyance for the purpose of passing the legal estate only. They were not intended to discharge an equitable lien, and they cannot therefore have that effect. (1 R. S., 748, § 2; *Power* v. *Lester*, 23 N. Y., 527; *Gillig* v. *Maass*, 28 id., 198, 210.) The transaction was wholly inappropriate for that purpose Ackerman, one of the mortgagees, was an actual participant in the transactions, and knew all about them. The attorney for the other mortgagees knew the purpose for which the deeds were made, and that there had been no valid execution of the power of sale contained in the codicil, and that the deeds were made without consideration, and that the respective parties thereto did not intend that the charge in favor of the plaintiffs should be discharged. The mortgagees are chargeable with notice of all the facts which came to the knowledge of their attorney while acting in their behalf. The fact that he also acted for the mortgagors makes no difference. (Story Eq. Jur.; Redfield, §§ 397, 408 *n.*; *Holland* v. *Hart*, 40 L. J. Ch.,

701; *Ingalls* v. *Morgan*, 6 Seld., 184; *Gray* v. *Green*, 12 Hun, 598.) The will itself afforded notice of the charge, and the facts of which their attorney had notice are sufficient to preclude all claim on their part that the deeds were intended to operate as a discharge. (*Harris* v. *Fly*, 7 Paige, 427.)

Nor are the plaintiffs estopped from setting up the charge. They had no intention of influencing the mortgagees or either of them, nor were the mortgagees in fact influenced by their signatures to the deeds, beyond the effect which it was intended such acts should have, namely, a formal approval of the sale to one of the devisees.

The judgment should be affirmed, with costs.

Present — BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Judgment affirmed, with costs.