IN THE MATTER OF THE PETITION OF MARY BAKER AND OTHERS FOR THE APPOINTMENT OF A TRUSTEE, ETC.

*Administrator with the will annexed — when he may execute powers and trusts conferred upon the executor by the testator.*

The will of a testator contained the following clause: "I give and bequeath to my granddaughters, Daisy Tucker and Lillian Tucker, children of my son James A. Tucker and his wife Mary Tucker, the sum of one thousand dollars, each to have one equal half, of five hundred dollars, the said five hundred dollars to be delivered upon their severally arriving at the age of twenty-one years by *my said executrix, or those administering my said estate,* and the interest of said sum of one thousand dollars from such time after my decease as my executrix shall deem proper and necessary to be used and employed by my said executrix, herein mentioned and appointed, in the support, maintenance and education of my said two grandchildren, Daisy and Lillian Tucker, and for the support and maintenance of their mother, Mary Tucker, until my said grandchildren shall arrive to the age of twenty-one years."

*Held,* that it was the intention of the testator that in case the executrix died before the grandchildren attained the age of twenty-one years the adminis-

trator, with the will annexed, should hold the thousand dollars and use and employ the interest thereof for the support of the grandchildren and their mother.

That the executrix having died after entering upon the discharge of her duties, and administrators, with the will annexed, having been duly appointed by the surrogate, the court erred in appointing a trustee to receive the said sum and apply the interest as directed in the will.

APPEAL by the administrators, with the will annexed, of Horace B. Tucker, from an order made at the Onondaga Special Term.

The order directed that Denio J. Dewey be appointed " trustee of the trust estate of Daisy and Lillian Tucker, in the estate of Horace B. Tucker, deceased, and that he be vested with all the powers possessed by Harriet C. Tucker, widow and executrix of the will of said Horace B. Tucker, deceased, at the time of her decease, in such trust estate, and that the administrators with the will annexed of the said Horace B. Tucker, deceased, be required to account to and pay over to the said Denio J. Dewey, as such trustee, all such sums of money as said Daisy and Lillian Tucker may be entitled to receive for and on account of the said estate," etc.

The order was made on the petition of Mary Baker, *née* Mary Tucker.

Horace B. Tucker died August 8, 1877, leaving a last will and testament, which was duly admitted to probate, and by which he appointed as his executrix Harriet C. Tucker, who duly qualified as such, and entered upon the performance of her duties.

In the will of Horace B. Tucker is found the following provision :

" *Fourth.* I give and bequeath to my granddaughters Daisy Tucker and Lillian Tucker, children of my son James A. Tucker, and his wife Mary Tucker, the sum of one thousand dollars, each to have one equal half, of five hundred dollars, the said five hundred dollars to be delivered upon their severally arriving at the age of twenty-one years, by my said executrix, or those administering my said estate, and the interest of said sum of one thousand dollars from such time after my decease as my executrix shall deem proper and necessary, to be used and employed by my said executrix, herein mentioned and appointed, in the support, maintenance and education of my said two grandchildren, Daisy and Lillian Tucker, and for the support and maintenance of their mother Mary Tucker,

until my said grandchildren shall arrive to the age of twenty-one years."

Daisy Tucker of the age of seven years, and Lillian Tucker of the age of five years, children of James A. Tucker, are the surviving grandchildren named in the fourth provision of their grandfather's will quoted above. Mary Baker, their mother, has married since the death of her former husband, James H. Tucker, and the children reside with her in the town of Sullivan, Madison county. After Harriet C. Tucker qualified as executrix of the estate of Horace B. Tucker, she entered upon the performance of her duties as such, and paid the interest on said $1,000 for one year, in accordance with the terms of the will. About the 7th day of March, 1879, she died. After her death, Parker L. Case and Alexander F. Plats and Rebecca Tucker were appointed administrators, with the will annexed, of the estate of Horace B. Tucker, deceased, by the surrogate of Madison county. They qualified and entered upon the performance of their duties as such in March, 1879. Since that time no payments have been made under the will of Horace B. Tucker.

It is alleged in the petition that Horace B. Tucker, deceased, left at the time of his death sufficient property, real and personal, to pay and satisfy in full all of the legacies and devises contained in said last will and testament over and above all his debts and liabilities. It is also alleged that Mary Baker has been appointed general guardian of Daisy Tucker and Lillian Tucker, the grandchildren aforesaid.

*Brown & Garfield*, for the appellants.

*Lansing & Lyman*, for the respondents.

HARDIN, J.:

Peculiar phraseology was used by the testator in giving a legacy of $1,000 to his grand children, Daisy and Lillian Tucker, and an interest in the income thereof, "for the support and maintenance of their mother, Mary Tucker, until said grandchildren shall arrive to the age of twenty-one years."

*First.* Nothing appears in the clause before us expressly charging the legacy upon the real estate.

Presumably the legacy was not charged, and is not chargeable upon the real estate of the deceased. (*Reynolds* v. *Reynolds*, 16 N. Y., 257; *Lupton* v. *Lupton*, 2 Johns. Chan., 614; *Herman Gerken's Estate*, 1 Tucker, 49.)

It is averred that the testator "left, at the time of his death, sufficient property, real and personal, to pay and satisfy in full all of the legacies and devises contained in his said last will and testament, over and above all of his debts and liabilities."

This averment does not make it clear that there remains personal property sufficient to pay the legacy in question. However, if the views hereinafter expressed are correct, the absence of a positive averment that there is personal property sufficient with which to pay the said legacies is not important.

*Second.* It is observable that the testator gives and bequeaths "the sum of one thousand dollars" to be delivered to the grandchildren "upon their severally arriving at the age of twenty-one years."

From this it is apparent that the body of the legacy was not intended to pass to the beneficiaries until they should respectively attain their majority.

It is noticeable that the language providing that the legacy "be delivered," etc., seems to contemplate two exigencies. First, that in case the executrix named in the will survived, and was in execution of her trust until the children arrived at majority, that she should pay the legacy or deliver the same as the will directs.

And it is equally clear that it was the intent of the testator that the executrix, so long as she should survive, should apply "the interest of said sum of one thousand dollars" as she should deem proper and necessary, "to be used and employed in the support and maintenance and education" of the said two grandchildren, "and for the support and maintenance of their mother, Mary." So long as the executrix survived, it was clearly her duty to pay over the interest for the purposes named in the language of the testator; and for the purpose of paying over the interest it was apparent that it was the idea of the testator that the body of the legacy should be retained by the executrix in order that it might yield the "interest" to be disposed of as already stated.

The discretion given to the executrix respects the application of

the interest or income of the legacy only. The body of the legacy is "to be delivered" upon the children's severally arriving at the age of twenty-one years. We, therefore, find a clear intent that the executrix retain the body of the legacy, if her life should continue until the maturity of the legacy, and that she should exercise the discretion confided to her in respect to the application of the interest accruing upon it. It is insisted, in behalf of the respondent, that when the executrix died there was no trustee to apply the interest which should accumulate upon the legacy, and our attention is called to the power of a court of chancery to appoint a trustee where there is a trust fund and no trustee to administer upon it or execute the trust.

Undoubtedly a court of chancery had general jurisdiction of all cases of trust, and had power by its general authority, independent of any statute, to displace a trustee, on cause shown, and to substitute another in his stead, and to appoint a trustee when none remained to execute the trust. (*People v. Norton*, 9 N. Y., 178; *Holden v. N. Y. and Erie Bank*, 72 id., 297.)

If there was no trustee surviving named by the testator, or as in this case if the death of the executrix could be said to have created a vacancy, then we think it would be no answer to an application to appoint a trustee to administer the trust, that the Revised Statutes (2 R. S., 72, § 22) has provided that administrators, with the will annexed, shall have the rights and powers and be subjected to the same duties as if they had been made executors in such will.

But it seems to us that the testator in using the language before us clearly contemplated the condition of things which has occurred in respect to his estate, and that he provided for the administration of the fund or control of the legacy and payments of the interest thereon in the language he used in the will. For, in addition to apt words which indicate the duty of the executrix in respect to the legacy and the interest thereon, and following the power conferred upon her in respect to the legacy and the interest thereon, are these words: "Or those administering my said estate."

What effect shall be given to these words? Why were they inserted except to provide for the very event which has happened, to wit, the death of the executrix?

It must be supposed the testator understood that in the event of

the death of the executrix named by him the administration of his estate would pass to the administrators appointed, with the will annexed.

The words " or those administering my estate " seem to be apt words to describe persons coming legally to the administration of the estate. A reasonable construction of them seems to require me to hold that it was the intent of the testator that the payment of the legacy, in the case of the death of the executrix, should be made by those administering the estate, upon the children " severally arriving at the age of twenty-one," and that they, therefore, are the persons intended by him to receive the interest on that legacy and apply the same from time to time for " the support, maintenance and education of (his) said two grandchildren, Daisy and Lillian Tucker, and for the support and maintenance of their mother, Mary Tucker, until (his) said grandchildren shall arrive to age of twenty-one."

It was said by COMSTOCK, Ch. J., in *Beekman* v. *Bonsor* (23 N. Y., 303): " The plaintiff is the administrator, with the will annexed, but he cannot in that character execute powers and trusts which were personal to the executors who have renounced. The statute, it is true, provides that ' in all cases where letters of administration with the will annexed shall be granted, the will of the deceased shall be observed and performed; and the administrators with such wills shall have the same rights and powers, and be subject to the same duties, as if they had been named executors in such will.' "

If the will before us was silent upon the subject of who should control and apply the body of the legacy, or the income thereof, it might be necessary that a trustee should be appointed. It has been settled by numerous adjudications that a testator may provide for a successor to an executor, and may provide that an executor may name his successor.

We think that within that principle it may be said to be competent for a testator to clothe persons administering his estate after the death of a designated executor with the rights and powers of an executor. It is a sufficient description when the designation is sufficiently certain that the person intended " can be ascertained and known when the right to receive it accrues." (*Holmes* v. *Mead*, 52 N. Y., 343.)

In this case the administrators with the will annexed are the persons referred to by the testator in the clause in the will directing the control of the body, as well as the interest of the legacy by his executrix, " or those administering (his) said estate."

It follows, therefore, if these views be correct that there was no vacancy to be filled. When the executrix died, and the administrators with the will annexed were appointed, they were charged with the continuation of the rights and duties which had theretofore devolved upon the executrix, and it is their duty to deliver over the body of the legacy and to apply the interest accumulated or accruing thereon to the beneficiaries named by the will.

If they failed to discharge their duty an application may be made to the surrogate having jurisdiction of them to compel their observance of the provisions of the will, as now, by statute the surrogate has jurisdiction over administrators as such, and over testamentary trustees. (Code of Civil Pro., §§ 2815, 2819, etc.)

The order appealed from should be reversed, with ten dollars costs and disbursements.

TALCOTT, P. J., and SMITH, J., concurred.

Order reversed, with ten dollars costs and disbursements.