JOHN COFFEY, ADMINISTRATOR DE BONIS NON, WITH THE WILL ANNEXED OF SANTIO BACCIOCCO, DECEASED, *vs.* PETER BACCIOCCO, ET AL.

*Legacies—When real estate can not be charged with payment of.*

A testator in his will devised to three of his minor children the sum of $500 each, and to his daughter Josephina $2,000, but did not direct by whom or out of what fund they should be paid. He next devised all his real and personal property to his children in equal shares. The personal property being insufficient to pay these legacies, *Held*: that the real estate so devised could not be charged with the payment of the legacies.

*Decided April* 10, 1888.

SANTIO BACCIOCCO, late of this county, made his will and died. The will was duly admitted to probate and record, and is as follows :

" Second :    Having already advanced money to such of my children as attained their majority or married, now in order to make like provisions for my three minor children, James, Carrie and Joseph, I direct my executors to pay to the said James, Carrie and Joseph as they severally attain their majority, the sum of five hundred dollars each.

" Third :    I give and bequeath to my daughter Josephine the sum of two thousand dollars in token of my appreciation of the sacrifice she has made, and for the constant, faithful and affectionate attention and care she has bestowed in charge of my house and family since the death of her mother.

" Fourth :    I give, devise, and bequeath to my son Peter and to my daughter Josephina, and the survivor of them and to their heirs and assigns, and to the heirs and assigns of the survivor, all the real estate of every kind, wherever situated, of which I die seized in trust nevertheless to enter upon each and every parcel thereof, and to hold the same and to collect the income and revenue derived therefrom, and after paying the taxes, insurance, repairs and necessary expenses of this trust, to divide and pay the residue of such income semi-annually equally to my children, share and share alike, including the issue of any child that may have deceased, such issue to take its parent's share.   This trust is to continue for the period of ten years after my decease,

when the same cease and determine. And the said trustees shall convey the same in fee simple to my children, share and share alike, including the issue of any child that may have deceased, such issue to take its parent's share.

"All the rest, residue and remainder of my estate, I give, devise and bequeath to my children, share and share alike, including the issue of any child who may have deceased, such issue to take its parent's share."

The personal estate being insufficient to pay the legacy provided for in the will, the administrator instituted this proceeding to sell the real estate of the decedent to pay such legacies. To this proceeding the heirs and devisees were made parties defendants.

*Mallon & Coffey* and *O. J. Cosgrave*, for plaintiff.
*Noyes & Fitzgerald*, for defendants.

GOEBEL, J.

The question presented is this : Whether the real estate (there being an insufficiency of personal assets) is chargeable with the payment of legacies.

The personal estate is the primary fund for the payment of debts and legacies. If the testator, therefore, gives a legacy without specifying who shall pay it or out of what fund it shall be paid, the legal presumption is that he intended that it should be paid out of his personal estate only, and if that is not

sufficient, the legacy fails. *Harris* v. *Fly*, 7 Paige, (N. Y.) Ch. 421; *Geiger* v. *Worth*, 17 O. St. 568.

Real estate is never charged with pecuniary legacies unless the testator intended it should be, and that intention must be either expressly declared or fairly and satisfactorily inferred from the language and disposition of the will. *Reynolds* v. *Reynolds, Exrs.*, 16 N. Y. 257; *Lupton* v. *Lupton*, 2 Johnson, Ch. 614; *Eavenson's Appeal*, 84 Pa. St. 172.

The exception to the general rule that the personal estate is the first fund for the payment of legacies was made by the Supreme Court of the United States in *Lewis* v. *Darling*, 16 Howard, 1, wherein the court held that real estate will be charged with the payment of legacies where a testator gives several legacies, and then, without creating an express trust to pay them, makes a general residuary disposition of the whole estate, blending the realty and personalty together in one fund, upon the theory that in such a case the residue can only mean what remains after satisfying the previous gifts. *Davis' Appeal*, 83 Pa. St. 348.

In the case of *Harris* v. *Fly*, 7 Paige (N. Y.) Ch. 421, where the testator by his will devised his farm to his son subject to the life estate of his wife, and then gave to each of his daughters a legacy of $1,000, to be paid by the son in six annual payments from the death of his mother, and made the son his residuary

John Coffey, Administrator, *v.* Peter Bacciocco et al.

devisee and legatee, it was held that the legacies to the daughters were an equitable charge upon the farm devised to the son, the personal estate of the testator being insufficient to pay the legacies.

So the court, in *Yearly* v. *Long et al.*, 40 Ohio St. 27, where a testator devised all of his real estate to his son, he, however, to pay the testator's daughter a legacy in annual installments, held that the legacy was an equitable charge upon the estate devised.

The theory upon which these cases were decided is, that the legacy vested upon the acceptance by the devisee of the devise to him on condition of its payment.

In England the doctrine is well settled that a bequest of legacies, followed by a gift of all of the residue of the testator's real and personal property, operates to charge the entire property with the legacies. *Hassell* v. *Hassell*, 2 Dick. 527; *Bench* v. *Biles*, 4 Madd. 187; *Cole* v. *Turner*, 4 Russ. 376; *Mirehouse* v. *Scaife*, 2 Myl. & Cr. 695; *Kidney* v. *Coussmaker*, 1 Ves. Jr. 436; *Same Case*, 2 Ves. Jr. 267.

And this doctrine has been followed in *McLanahan* v. *Wyant*, 1 Penn. 96; *Adams* v. *Bracket*, 5 Met. (Mass.) 280; *Witman* v. *Norton*, 6 Bin. 395; *Downman* v. *Rust*, 6 Rand. 587.

That real estate is not as of course charged with the payment of legacies, has been recognized in Ohio in *Clyde* v. *Simpson*, 4 O. S. 445, in which the court

held that between the mere objects of testator's bounty, where he had given a pecuniary legacy resting upon and payable from the personal fund to one, and devised real estate to another, and the personal fund proves insufficient, there can be no reason for disappointing the devisee rather than the legatee, or for shifting the loss from him, upon whom the law casts it, to one the law does not affect until it is made unmistakably to appear that the testator so intended. Without such clear manifestation of intention, there is great danger of interfering with his wishes.

The language of the will ought to be so explicit as to leave no doubt in the mind of the court that the testator actually ·contemplated such a contingency and intended to provide against it. A mere direction of a testator that a devisee shall pay a legacy, does not create a charge upon the land. There must be express words of necessary implication from the whole will that such was the intention. *Cables' Appeal*, 91 Penn. St. 327; ·*Walters' Appeal*, 95 Penn. St. 305.

It must be conceded that it requires no express words to charge pecuniary legacies upon real estate. An intention to do so may be derived by implication, and will be effectual when found to exist in any form, because the law seeks only to discover and carry out the purpose of the testator.

The legacies here are pecuniary legacies, without

any provision in the will by whom or out of what fund they are to be paid. We may fairly infer from the will that the testator intended that they should be paid out of the personal estate. It was competent for the testator to make them a charge upon the real estate or not, as he saw proper.

We may fairly assume that at the time of the making of his will he had sufficient personal assets to pay the legacies ; and this is strengthened by the fact that in his will there are no direct words of charge, nor does it contain any of those expressions from which a charge may be implied. It does not direct any person to pay the legacies, nor are they coupled with a devise of real estate upon which a condition to pay is imposed. The real property is devised without conditions, except that the trustee shall hold the real estate intact for ten years, nor is the devise made subject to the legacies.

For the reasons given the demurrer will be sustained and the petition will be dismissed.