JAMES H. WALKER,

Administrator de bonis non with will annexed of estate of Mercy Follett, Appellant from decree of Judge of Probate,

*vs.*

ESTATE OF MERCY FOLLETT.

York.    Opinion February 26, 1909..

*Executors and Administrators. Wills. Devise. Unpaid Legacy. License to Sell Real Estate Refused. Devisee must Resort to Equity, When.*

The will of Mercy Follett was proved and allowed October 4, 1852, and Robert Follett Gerrish, a nephew, was appointed executor on the same date. The inventory filed in March, 1853, showed real estate appraised at $7050, and personal estate appraised at §3620. The executor's first and only account, allowed in October, 1853, showed a balance of $911.14 of personal estate in his hands. By the terms of the will, after the payment of all· debts and funeral charges and with such exceptions and bequests as the testatrix thereinafter made, Robert Follett Gerrish was given a life estate in all the property both real and personal "to have, use and enjoy the income and profit thereof during his, the said Robert's natural life." The will then further provided, among other things, that at "my said Executor's decease I hereby give and bequeath of my said property or estate one thousand

dollars to be invested in real estate or permanent and profitable stock, the income of which shall be annually appropriated for the support of Congregational preaching, for, and in the "First Congregational Church and Parish," in Kittery "as long as said Parish shall exist." On July 23, 1874, said Robert Follett Gerrish conveyed by warranty deed and without license of court, to his wife Sarah C. Gerrish all the real estate left by said Mercy Follett, and on April 18, 1881, said Robert Follett Gerrish and Sarah C. Gerrish conveyed a part of the same to one Ichabod Goodwin. The balance of the real estate is still held by the heirs at law of Robert Follett Gerrish and Sarah C. Gerrish. Robert Follett Gerrish died Oct. 25, 1882, and there was no further administration of the Mercy Follett estate until Sept. 1, 1903, when the appellant, James H. Walker, was appointed administrator de bonis non with will annexed upon the petition of the said First Congregational Church and Parish of Kittery. On October 6, 1903, the said administrator filed an inventory in the Probate Court showing no personal property but real estate appraised at $10532.66, being the identical parcels enumerated in the original inventory filed in 1853. After a futile demand upon the heirs of Robert Follett Gerrish for any property in their possession belonging to the estate of Mercy Follett, the administrator filed a petition in the Probate Court for license to sell all the real estate inventoried for the purpose of paying the legacy of one thousand dollars to the said First Congregational Church and Parish, which said legacy had never been paid. The Probate Court refused to grant the license and the administrator appealed.

*Held:* 1. That the appeal must be dismissed. The real estate is not in the custody or control of the administrator but in that of third parties who hold under recorded deeds, and that no such power is given by statute to administrators de bonis non as is claimed in this case.

2. That if the title to the real estate is to be attacked it should be by the party in interest, the Kittery Parish, and the remedy should be sought by a bill in equity.

3. That whether the legacy created a charge upon the real estate of the testator, which follows it into the hands of the present holders, and whether such a right if once existing has been lost through laches of the Parish, are questions which cannot be determined in the present proceedings but can be under a bill in equity. All the facts can then be presented to the court and under its elastic procedure, the court, if the bill is sustained, may also designate the particular real estate which shall in the first instance be reached, because the equitable rights of the present holders may vary.

On agreed statement.    Decree of Probate Court affirmed.

The plaintiff in his capacity as administrator de bonis non with will annexed of the estate of Mercy Follett, filed a petition in the Probate Court, York County, for license to sell certain real estate.

License was refused and the plaintiff appealed to the Supreme Court of Probate. When the cause came on for hearing in the appellate court, an agreed statement of facts was filed and the case was reported to the Law Court to render such judgment as the law and the facts required,

The case is stated in the opinion.

*Samuel W. Emery, and Geo. F. & Leroy Haley*, for plaintiff, James H. Walker.

*Frink & Marvin, and George C. Yeaton*, for defendant, Estate of Mercy Follett.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

CORNISH, J. The appellant is administrator de bonis non with will annexed of the estate of Mercy Follett and appealed from a decree of the Judge of Probate dismissing his petition for license to sell real estate. The will of Mercy Follett was proved and allowed October 4, 1852, and Robert Follett Gerrish, a nephew, was appointed executor on the same day. The inventory filed March 7, 1853, showed real estate appraised at $7050 and personal property appraised at $3620, a total of $10670. The executor's first and only account was allowed October 3, 1853, showing a balance of $911.44 of personal property in his hands. By the terms of the will, after the payment of all debts and funeral charges and "with such exceptions and bequests" as the testatrix thereinafter made, Robert Follett Gerrish was given a life estate in all the property both real and personal "to have, use and enjoy the income and profit thereof during his, the said Robert's natural life." At his decease, his oldest son, if any, was to have a similar life estate, and after various other provisions designed to meet the possible contingencies of heirship, the estate was to vest absolutely in the grandchildren or if no grandchildren, two-thirds was given to the First Congregational Church and Parish in Kittery and one-third to the Maine Missionary Society.

Then follows this clause:

"The exceptions to the disposal of my estate as above named, willed and bequeathed are these, to wit. It is my will that, and I hereby give and bequeath annually after my decease the sum of twenty five dollars of the said profits or income of my said property for the support of an intelligent and pious ministry of the Congregational denomination, in and for the said Congregational Church and Parish, said twenty five dollars to be annually paid to the acting Clergyman of said Parish by my said Executor hereinafter named, during said Executor's natural life. Then at his, my said Executors' decease I hereby give and bequeath of my said property or estate one thousand dollars to be invested in real estate or permanent and profitable stock, the income of which shall be annually appropriated for the support of Congregational preaching, for, and in said First Congregational Church, and Parish, as long as said Parish shall exist, and should said Parish become extinct, I hereby will, give and bequeath, said one thousand dollars to the aforenamed Maine Missionary Society to be used by said Missionary Society for the spread of the knowledge and glory of God, and the moral religious, social and intellectual elevation of mankind. Said one thousand dollars to be disposed of in such a manner as the Directors of said Missionary Society shall deem best adapted to the ends designed."

Robert Follett Gerrish died Oct. 25, 1882, and there was no further administration of the Follett estate until September 1, 1903, when James H. Walker was appointed administrator de bonis non with will annexed upon the petition of the First Congregational Church and Parish of Kittery. The case does not show whether the executor paid to the Church the annuity of $25 during his lifetime, but since his decease the legacy of one thousand dollars has not been paid. On July 23, 1874, said Robert F. Gerrish conveyed by warranty deed and without license of court, to his wife Sarah C. Gerrish all the real estate left by Mercy Follett, and on April 18, 1881, said Robert F. and Sarah C. Gerrish conveyed a part of the same to one Ichabod Goodwin. The balance of the real estate is still held by the heirs at law of Robert F. and Sarah C.

Gerrish. On October 6, 1903, Mr. Walker the administrator filed an inventory in the Probate Court showing no personal property but real estate appraised at $10532.66, being the identical parcels enumerated in the original inventory filed March 3, 1853. After a futile demand upon the heirs of Robert F. Gerrish for any property in their possession belonging to the estate of Mercy Follett, the administrator filed a petition in the Probate Court for license to sell all the real estate inventoried, for the purpose of paying the legacy of one thousand dollars to the First Congregational Church and Parish of Kittery. From the denial of that petition this appeal was taken.

We think the appeal must be dismissed. Whatever rights the Parish may have, can be secured in another form of proceeding but not in this. The real estate in question is not in the custody or control of the appellant but in that of third parties who hold under recorded deeds, and we can find no such power given to administrators de bonis non by statute as is claimed here. The appellant asks for license to sell ten thousand dollars worth of real estate standing in the name of third parties in order to pay a legacy of one thousand dollars. This is far beyond his domain. If the title is to be attacked it should be by the party in interest, the Kittery Parish, and the remedy should be sought by bill in equity.

The appellant contends that the legacy of one thousand dollars created a charge upon the real estate which followed it into the hands of the present holders. This the respondents deny. The authorities would seem to favor the appellant. The general rule is that after certain legacies are given without any express provision of means of payment, a residuary gift blending the real and personal property of the testator creates a charge of the legacies upon the entire estate. 3 Jarman on Wills, 426-427 ; *Reynolds* v. *Reynolds*, 16 N. Y. 257 ; *Additon* v. *Smith*, 83 Maine, 551. The respondents further say that if the legacy was originally a charge upon the land, the laches of the Parish in not seeking to enforce its rights for the twenty-one years that elapsed between the death of the executor and the appointment of the administrator is a bar to recovery.

Whether or not such laches exists would depend upon all the facts connected with the delay and perhaps explanatory of it, none of which are before this court.

It is not necessary to decide either of these questions here. They can be met if the case comes to this court on a bill in equity brought by the legatee against the present holders of the land, which has been held to be the proper form of remedy in such cases. This was decided in the early case of *Bugbee* v. *Sargent*, 23 Maine, 269. In *Merritt* v. *Bucknam*, 78 Maine, 504, the question was re-examined and the court held the remedy to be in equity and prescribed the method of enforcing it. See also *Whitehouse* v. *Cargill*, 86 Maine, 60 ; *Same* v. *Same*, 88 Maine, 479 ; 2 Red. Wills, page 209; *Harris* v. *Fly*, 7 Paige, 421.

A court in equity has power not only to decree the legacy to be a charge upon the real estate, if the will can be so construed, but with its elastic procedure it can also provide the method of securing the same, and designate the particular real estate which shall in the first instance be reached, because the equitable rights of the present holders may vary. 2 Red. on Wills, page 210 ; *Astor* v. *Galloway*, 3 Ired. Eq. 126.

It is clear that the license to sell should not be granted and the entry must be,

*Appeal dismissed.*
*Decree of Probate Court affirmed.*