# SUPREME COURT.

FRANKLIN WELD, Executor of and under the last will and testament of ALMA TAYLOR BARTON, deceased, plaintiff, agt. LEONORA BARTON STRONG, and others, defendants.

*Will — codicil — construction — annuity — charge upon real estate — Proceeds. — Equitable conversion.*

Where a testatrix gave the income arising from her estate to her four daughters for life in certain proportions, and gave the principal of her estate, after the deaths of her daughters, respectively, to her grand-children in certain proportions, and afterwards, by a codicil to her will, directed that her daughters "shall share equally and alike in the proceeds or income of her estate:"

*Held,* that the change wrought by the codicil with respect to the partici-pation by the daughters in the income, did not disturb the gifts over to the grandchildren, or affect the portions they took under the will.

The term *"proceeds"* used in the codicil, held, not to relate to the pro-ceeds to be realized upon a sale of the corpus of the estate, but that it was the equivalent for the word "*income.*"

To warrant the conclusion that the testatrix intended by the codicil to change the shares of the grandchildren, language should have been used clearly to effectuate such change.

After making certain gifts out of her estate, including an annuity of $300 to her daughter Mary for life, the testatrix gave and devised all the rest and residue of her estate, after the payment of debts, &c., unto her executors in trust, &c. :

*Held,* that the annuity was a charge upon the real estate.

*Spillane* agt. *Duryea* (51 *How. Pr.*, 260) explained and limited.

Although there be an authority to sell the real estate, if there be no express direction to do so, there is no equitable conversion of the realty into personalty (*White* agt. *Howard*, 46 *N. Y.*, 162).

*Special Term, November,* 1877.

*Tracy, Olmstead & Tracy,* for plaintiff.

*D. C. Brown,* for defendants Leonora B. Strong and others.

*A. B. Capwell*, for defendants Mary B. Johnson and others.

*Nathan Cutler*, for defendants Weld and de Mier, guardians *ad litem*.

Other defendants appearing by other counsel.

VAN VORST, *J.* — After making certain gifts out of her estate, including an annuity in favor of her daughter Mary Barton Johnson, the testratrix gave and devised all the rest and residue of her estate, real and personal, after the payment of her debts, funeral charges and the cost of a monument, unto her executors named in her will, to and for the uses in the will mentioned.

The trusts created were in favor of her four daughters named in the will, during their natural lives. The gifts over were to the children of her four daughters in certain portions.

It was manifestly the purpose of the testatrix to make a just and equitable disposition of the income arising from her residuary estate among her four daughters, as long as they should live, and this purpose influenced her in disposing of the body of the estate among the children of her daughters, after they should severally die.

That her daughter Leonora had already received from her mother the sum of $11,250, appears to have been carefully considered by the testatrix in making what she then unquestionably thought an equitable and just division.

Hence the testatrix provided that as to a portion of her estate so devised and given to her executors, being in amount $11,250 less than one equal fourth part thereof, the executors should receive the rents, income, interest and profits thereof, and apply them to the use of her said daughter Leonora, during her life, and at her death the principal of such portion was to be paid to the surviving children of Leonora, and the issue of a deceased child.

The portion given to the children of her daughter Leonora, was therefore one-fourth part of the residuary estate, less $11,250.

The portions out of the residuary estate so devised and given to the executors, from which the income of the remaining three daughters was to be paid, the principal of which was given to the children of such daughters after their death respectively, was in each case increased by the sum of $3,750 over and above an equal one-fourth part of such estate. By adding the amount subtracted from the one-fourth part designed for her daughter Leonora and her children to the remaining three-fourth parts thereof, in equal sums, the testatrix made equality among her children, in the enjoyment of the income and profits arising from her estate, and the gifts over to her grandchildren in the same portions, completed the equitable division of the property.

The portion given to the children of her daughter Leonora by the testatrix was in value $3,750, less than the portion given to the children of each of her remaining three daughters.

The will was made and executed on the 16th day of February, 1875, in the city of New York. On the 7th day of December, 1876, at Golden's Bridge, in the house of her daughter Leonora, where she shortly afterwards died, the testatrix made a codicil to her will.

The provisions of this codicil have been considered by the plaintiff, one of the executors under the will, and others interested in the estate so doubtful in meaning, as to justify this action for a construction thereof.

By the codicil, the testatrix directs that her four daughters, naming them, "shall share equally and alike in the proceeds or income" of her estate, "without regard to former gifts, loans or advances made to either of them," and directs "that the income be paid quarterly."

The principal question raised is, whether or not the codicil makes any change in the portions of the principal of the

estate by the will given to the children of the four daughters, the gifts to take effect after the daughters shall have died.

It is claimed on behalf of the daughter Leonora and her children that the effect of the codicil is to give to the latter an equal one-fourth part of the estate without any diminution for advances.

This construction disturbs essentially the dispositions made by the will, by the terms of which they were to receive one equal fourth part, less $11,250.

The codicil, it is clear, works no such disturbance as to the *quantum* given over to the children of the daughters by express words, unless such result be produced by the use of the word "proceeds."

The *corpus* of the estate of the testratrix is principally real. There is no equitable conversion wrought by the terms of the will. There is an authority to sell the real estate, but there is no express direction to do so (*White* agt. *Howard*, 46 *N. Y.*, 144, 162).

The meaning of the term "proceeds," as applied to real estate, was considered in *Belmont* agt. *Ponvert* (62 *N. Y.*, 547). In that case the words under consideration were "future proceeds of said property." In that case, however, there was no question but that the word embraced the proceeds of the sale of the land, which by the arrangement was intended to be sold, but the point raised was whether it included the rents and profits accruing from the land before it was sold. It was held that the rents were included in the term proceeds.

But RAPALLO, J., said: "In speaking of the proceeds of land the term proceeds may be used in such a connection as clearly to indicate that the proceeds of a sale only are intended." But he adds that the "intention of the party" is to be gathered "from the context or otherwise" as to the sense in which the word is used.

I find nothing in the relation in which the word "proceeds" stands to the other parts of the sentence which would

Weld agt. Strong.

indicate that the testatrix used it in the sense which is sought to be given it which would change the portions of the grandchildren from what was originally devised and bequeathed. To work such result the shares of the children of three daughters would be diminished, whilst the share of the children of the daughter Leonora would be increased.

To justify the conclusion of a change in the mind of the testatrix which would produce such results, the language used should clearly import and effectuate such change.

I do not think that the word "proceeds" used by the testatrix had reference to what would be realized from a sale of the *corpus* of the estate, or that it relates to such *corpus* in any way otherwise than as indicating the income therefrom, and that it was the income only which was to be divided among the daughters during their lives without affecting the shares of the grandchildren as by the will originally declared and fixed.

It seems to me sufficiently clear that the term "proceeds," followed by the word "income," to which it is connected by the word "or," makes the one word the equivalent of the other, and that it was used in this restricted sense by the testatrix.

The gift of the annuity of $300 to Mrs. Johnson is not disturbed by the codicil, and it remains a charge of the same nature and to the same extent as established by the will, and is a charge upon the real estate.

Such construction has been given to language in other wills similar to that used in the will we are considering (*Beaven* agt. *Cother*, 7 *Hun*, 120; *Ragan* agt. *Allen*, *id*., 538.)

*Spillane* agt. *Duryea* (51 *How. Pr. R*., 260) is cited by the learned counsel for the plaintiff as holding a contrary doctrine.

But an examination of that case brings it within the case of *Streeters* agt. *Johnson* (38 *Barb*., 80). In *Spillane* agt. *Duryea*, the testatrix had specifically disposed of a portion of the real estate, a house and lot, to her brother, and it was

the residue of both real and personal which was finally disposed of.

In such case there can be no implication arising from the general language in which the residuary estate was disposed of, and there being nothing in other parts of the will to give rise to such implication of intention, that the residuary estate being realty was to be charged with legacies.

This distinction is clearly drawn in *Ragan* agt. *Allen*, and *Streeters* agt. *Johnson* (*supra*).

In the will under consideration all the real estate of the testatrix is disposed of by the residuary clause, but it draws to it only so much of the personal estate as may remain after payment of debts and legacies. The clause "rest and residue" in the will cannot, therefore, be taken distributively *reddendo singula singulis* as was said by the chancellor in *Lupton* agt. *Lupton* (2 *Johns. Ch.*, 614).

The will of the testatrix is construed, and the rights of the parties thereunder are determined, upon the principles above indicated, and there must be judgment accordingly.

The findings and conclusions to be prepared by the attorneys for the plaintiff, and settled after service upon the attorneys for the other parties will declare these principles and rights as above stated.