Van Vorst, J.
[After stating the above facts.]— The principal question presented to the court for adjudication is as to whether or not the gift of $20,000 made by the testator to his wife is a charge upon his real estate. The general rule is, doubtless, as is urged by the learned counsel for the plaintiffs, that the personal estate of the testator is the primary fund for the payment of legacies, and that the real estate is relieved from contributing towards the payment of legacies, unless the will discloses a clear intention to charge it (Taylor v. Dodd, 58 N. Y. 335; Beavan v. Cooper, 72 Id. 317)*
As the testator has not directly, in words, made the gift to his wife a charge upon his real estate, we are to gather from the will his intentions in this regard.
It is the duty of the court to give effect to the testator’s intention, as the will discloses it, read in the light of the circumstances which surrounded him at the time of its execution (Du Bois v. Ray, 35 N. Y. 162, 175).†
In ascertaining the intention of the testator, when he has not charged the lands explicitly with the payment of debts or legacies, we must be governed not only by the expression of the will, but the situation of the property disposed of and the persons taking it (Van Winkle v. Van Houten, 2 Green Ch. 186; 2 Jarman on Wills, 742, rule 10).
It is only reasonable to believe that the testator intended that his wife, who had a moral claim upon him for maintenance out of his property, after she should become his widow, should receive this gift, made, as it was, in lieu of dower.
It could not have been his intention that this gift should be paid out of his personal estate, for it was *126 grossly inadequate, and his substance was real property. The testator was out of business, and lived upon the rents of his real estate, to the care of which his attention was chiefly directed. The gift must have been supposed by the testator to be of more value than the dower rights of his wife, or it would not have been given with any expectation that it would be received in lieu thereof. The gift was meant to be substantial. From these facts an intention may be reasonably inferred that the testator designed that the real estate should be charged with this gift. Where the personalty is grossly insufficient to pay the debts and legacies, very slight indications in the will will be laid hold of by the court to raise an implication that the executor is to pay the legacies out of the real estate (2 Perry on Trusts, § 570, and cases cited).
The circumstances which give rise to this presumption are those above indicated; the testator’s widow is the legatee, and the gift is in lieu of dower. The personal estate is wholly inadequate, and the executors, the testator’s sons, to whom the residue of his estate is given, are, in words, directed within a given time to pay the legacy.
This last fact has been held sufficient in itself to charge the lands with the legacy when there is a failure of personal estate (Harris v. Fly, 7 Paige, 421, 425; Reynolds v. Reynolds, 16 N. Y. 257). There are numerous English cases which hold that when the devisee of real estate is appointed executor, and is directed to pay legacies, a charge upon the real estate will be created. It is not necessary to refer in detail to these cases. Many of them are cited in the two cases in this State, ’ last mentioned. There are also several authorities, English and American, in which the general subject now under consideration ■ has been discussed. .But each case has its own peculiar facts.
In Rathbone v. Dyckman (3 Paige, 9, 26) the chan *127 cellor referred to the sententious statement of Sir William Jones, uttered more than two hundred years before, “ that a case upon a will had no brother,” and therefore that authorities in point in such cases could not be expected.
Each case which involves judicial construction, presenting its peculiar facts, must be controlled by the general statement that the testator’s intention, clearly expressed, or necessarily implied, must be carried out. Lupton v. Lupton (2 Johns. Ch. 614) recognizes that principle, although, under the facts of that case, the legacy was held not to be a charge.
That case—a leading authority—involved principally the construction and effect of the residuary clause of the will. I do not regard it as adverse to the result reached in the case now under consideration.
■ The following authorities justify the holding of the testator’s real estate, under the facts and circumstances of this case, as charged with the payment of the legacy in question: Shulters v. Johnson, 38 Barb. 80; Roman Catholic Church v. Wachter, 42 Id. 43; Goddard v. Pomeroy, 36 Id. 546, cited with approval by Folger, J., in Bevan v. Cooper, 72 N. Y. 317;* Ragan v. Allen, 7 Hun, 537; Hoyt v. Hoyt, 17 Id. 192; Weld v. Strong, 54 How. Pr. 133; and the recent case In re Bellis’s Trusts, 5 Ch. Div. 504; S. C., 22 Eng. R. 254, is in accord with previous English decisions, and supports the construction given here.
It is supposed that Myers v. Eddy (47 Barb. 263) is the other way. The conclusion reached in that case was in the end based upon “ the extrinsic circumstances” which led to a modification of the previous judgment.
Mr. Moak, in his note to Pearson v. Holliwell (10 Eng. R. 731,734), points out the distinguishing features *128 of Myers v. Eddy, and says “ this case was rightly decided on the grounds stated by Potter, J., in the latter part of his opinion, the surrounding circumstances clearly indicating the testator’s intention not to charge his real estate.”
There must be judgment in this case declaring the legacy in question chargeable upon and payable out of the real estate of the testator.

 Reversing 7 Hun, 117.

 Reversing 7 Bosw. 244.

 Reversing 7 Hun, 117.