SARAH McCORN, RESPONDENT, *v.* JOHN McCORN AND OTHERS, APPELLANTS.

*Legacy — when it is charged upon the real estate.*

A testator, on the day before his death, made a will by which he gave $1,000 and certain specific articles of personal property to his second wife, to whom he had been married fourteen years, and $400 to one of his sons. He then directed "that the rest of the property" should be divided equally between his four children, naming them. He did not leave enough personal property to pay the funeral expenses, but left a farm worth $2,500, which was subject to a mortgage of $500.

*Held,* that the legacy to the wife was a charge upon the real estate.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought by the plaintiff to recover a legacy given to her by the will of her deceased husband, and to have the same adjudged to be a charge upon and payable out of the real estate left by the deceased.

*Merritt King,* for the appellants.

*James A. Christie,* for the respondent.

BOARDMAN, J.:

The will of Moses McCorn, senior, gave $1,000 and some specific articles of personal property to the plaintiff. In the third clause $400 was given to his son Moses. The fourth and last clause reads as follows:

"*Fourthly.* I devise that the rest of the property shall be divided equally between Mr. Moses McCorn, Jr., and Mr. John McCorn, and Mrs. Eliza Tompkins and Mrs. Mary Jane Alexander."

Is the gift of $1,000 to plaintiff a charge upon the real estate as claimed by her ? The will was made on the day before the death of the testator. He had no personal property, certainly not enough to pay the funeral expenses. The plaintiff was his second wife to whom he had been married fourteen years. Before their marriage an ante-nuptial contract was made between them providing for ownership and control of the property owned by each. The testator owned a farm of the value of $2,500, subject to a mortgage thereon of $500. He owned no other real estate. The residuary legatees are the sons and daughters of the testator.

Formerly it was understood that a legacy could not be declared a charge upon real estate unless by virtue of express word or by the language and dispositions of the will from which such an intent could be clearly inferred. (*Lupton* v. *Lupton*, 2 John. Ch. R., 623.) But even then " extrinsic facts " or " surrounding circumstances," whatever such expressions may be held to mean, might be resorted to in ascertaining the intent. (*Myers* v. *Eddy*, 47 Barb., 263.) Under these and other similar cases the courts have refused to charge real estate with the payment of legacies where the language of the will was in substance like the present. (*Spilane* v. *Duryea*, 51 How., 260; *Babcock* v. *Stoddard*, 3 Th. & C., 207; *Reynolds* v. *Reynolds*, 16 N. Y., 257; *Kinnier* v. *Rogers*, 42 id., 531.)

But in *Hoyt* v. *Hoyt* (85 N. Y., 142, 147), the assumption is indulged that no man will make a legacy " save with the honest, sober-minded intention that it shall be paid." Where, therefore, the personal estate was known to the testator to be insufficient to pay the legacies, " it is reasoned," says the learned chief judge, " that the bare fact of giving a legacy indicates an intention that it shall be met from real estate." It is further shown that a legacy like the present under the residuary clause of this will would be charged upon the real estate in the English courts, in the courts of some of the States of the Union and in the Federal Supreme Court. But the rule was neither adopted nor rejected in *Bevan* v. *Cooper* (72 N. Y., 317), but the case was disposed of upon another point. A distinction is, however, made at page 325 between the cases of *Lupton* v. *Lupton* (*ante*) and *Babcock* v. *Stoddard* (*ante*) and the present case. In each of the former cases

there was a devise of real estate as well as legacies, before coming to the residuary clause, while in our case there can be no residue of the real estate unless it be charged with the legacies. Such was the distinction taken in *Shulters* v. *Johnson* (38 Barb., 80); *Tracy* v. *Tracy* (15 id., 503); *R. C. Church* v. *Wachter* (42 id., 43); *Ragan* v. *Allen* (7 Hun, 537); *Hall* v. *Thompson* (23 id., 334); *Taylor* v. *Dodd* (58 N. Y., 335); *Lefevre* v. *Toole* (84 id., 95); *Finch* v. *Hull* (24 Hun, 227). In *Manson* v. *Manson* (8 Abb. N. C., 123), the inadequacy of the personal property to pay legacies is held to require but very slight indications in the will to justify a charge upon the real estate. That was a legacy to the widow.

So far as we can see the extrinsic facts make it certain that the testator knew he had no personal property out of which this legacy could be paid; and the will plainly shows an intention that it should be paid, which can only be done by charging it upon the real estate. We concur, therefore, in the conclusion of the learned referee charging the legacy upon the real estate, not by virtue of any distinct authority in the Court of Appeals, but by a very considerable authority in the Supreme Court, and by indications from judicial reasoning in the Court of Appeals in several of the cases cited.

We think the judgment should be affirmed, with costs against the appellants.

LEARNED, P. J.:

If because a man makes a legacy he intends it to be paid, then all legacies would be charged on real estate if the personal estate fell short. The distinctions which have been drawn as to the general residuary devise are ingenious but would never enter into a testator's mind. I think that *Hoyt* v. *Hoyt* sustains the judgment in this case, but I regret to see the doctrine of *Lupton* v. *Lupton* broken down.

One thing, however, is wrong in my opinion. If Mrs. McCorn's legacy is a charge on real estate so is the legacy to Moses of $400. The court ought not to sell the real estate and apply the avails solely to Mrs. McCorn's legacy. It is true that Moses insisted that the land was not charged as a matter of law. If he was mistaken in this, as we hold, then his legacy should be paid from the avails as well as the legacy to Mrs. McCorn. He cannot bring another suit.

He is a party to this and the whole matter should be disposed of. This is always the rule in equity and I think the judgment should be modified accordingly.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.