MATTER OF PETTIT.

*Civ. Pro.*, 162; Re Stokes, 3 *id.*, 384; Tucker v. Tucker, 4 *Keyes*, 136).

---

NEW YORK COUNTY.—HON. R. S. RANSOM, SURRO-GATE.—February, 1888.

MATTER OF PETTIT.

*In the matter of the estate of* BENJAMIN PETTIT, *deceased.*

Testator's will, after bequeathing legacies amounting to $4,000, gave, devised and bequeathed " all the rest, residue and remainder of my (his) property and estate, both real and personal," unto certain persons named, their heirs and assigns forever. His personal property, at the time of the execution, was known to testator to be worth only about $1,000. There was no specific devise of realty.—
*Held*, that the legacies were charged on the realty.
Lupton v. Lupton, 2 *Johns. Ch.*, 614—compared.

CONSTRUCTION of will, on judicial settlement of executors' account.

THE SURROGATE.—The deceased died leaving a last will and testament which provides, among other things, that " I hereby give and bequeath unto my granddaughter, Margaret E. Drake, the sum of one thousand dollars, to have and to hold for her own benefit and behoof forever." And in another clause,

" I give and bequeath unto my grandson, Eugene Hendrickson, the sum of five hundred dollars, for his

own benefit and behoof forever." And in another clause,

"I give and bequeath unto my grandchildren, George Pettit, David Pettit, Marion L. Hendrickson, Charles Hendrickson and Susan Hendrickson, the sum of five hundred dollars each, to be paid to them respectively as they severally attain the age of twenty-one years." And by the fifth clause,

"All the rest, residue and remainder of my property and estate, both real and personal, and of every character and description and wheresoever situate, I give, devise and bequeath unto my children, Emeline, wife of Henry Standish; Sarah E. Sharrot, wife of John E. Sharrot; and David Thomas Pettit, to have and to hold same unto my said three children, their heirs and assigns forever, equally, share and share alike."

David T. Pettit and John D. Sharrot are appointed executors. They are directed, during the minority of the five grandchildren, to pay them half-yearly the interest of the five hundred dollars bequeathed to each of them. All the legatees and next of kin were cited.

The question to determine is, whether these legacies are or are not a charge upon the real estate devised by testator to his three children.

D. T. Pettit, one of the executors, makes an affidavit to the effect that at the date of the execution of the will the personal property available to pay legacies amounted to between one thousand and eleven hundred dollars, and that at this date, personal property of deceased, available to pay legacies, does not exceed three thousand dollars.

The construction of the will is put in issue by Margaret E. Drake, a legatee, under Code Civ. Pro., § 2624.

The leading case on the subject as to the charging of the realty of a testator with the payment of legacies where the personalty is inadequate, is Lupton v. Lupton (2 *Johns. Ch.*, 614). There the testator bequeathed to his three grandchildren, as soon as they should attain the age of twenty-one years, the sum of five hundred pounds, and the further sum of five hundred pounds when they should attain the age of twenty-five years, and after devising certain lands to his said three grandchildren, etc., he bequeathed " all the rest, residue and remainder of my real and personal estate not hereinbefore already devised and bequeathed, their heirs and assigns forever " (his three children).

The controversy arose as to the construction of the will; whether or not these legacies were a charge upon the real estate. Held, that they were not; that " the clause which gives the residuary estate to the defendants does not afford evidence of an intention to charge the land with these legacies, and that it can never be charged unless the testator intended it should be, and that intention must either be expressly declared or fairly and satisfactorily inferred from the language and disposition of the will. If the residuary clause created such a charge, the charge would have existed in almost every case, for it is the usual clause and a kind of formula in wills. It only means when taken distributively that the rest of the personal estate, not before bequeathed, is given to the residuary legatees, and that the remainder of the real estate not before devised is in like manner disposed of."

This case has never been overruled, but has been commented upon, distinguished, and cited a great number of times. The rule there laid down has been sometimes construed strictly and oftentimes liberally. The exigencies, extrinsic facts and surrounding circumstances of each case, seem to have governed the greater number of adjudications on this point.

It will be observed that the Lupton case is somewhat similar to the case at bar in this respect : that the relationship between the testator, the general legatees and the residuary legatees is the same in both cases, and that the time fixed for the payment of the legacies is the same, viz. : when the grandchildren attain the age of twenty-one years. But it will also be noticed that in the Lupton case there was a specific devise of real estate to the grandchildren, while in the case at bar there was none. This, I think, is an important fact to be taken into consideration.

In McCorn v. McCorn (30 *Hun*, 172), it was held that where it could be seen from the extrinsic facts that it was certain that the testator knew he had no personal property out of which the legacy could be paid, and the will plainly shows the intention that it should be paid, which could only be done by charging it on the realty, that it was a charge upon the real estate.

In Scott v. Stebbins (91 *N. Y.*, 605), an equal undivided half of certain real estate and $5,000 were bequeathed to the testator's son, and to another son the other equal undivided half and $2,000, and he was also forgiven a certain indebtedness to the testator ; so that it was evident that it was the intention

of the testator to give them equal shares. After bequeathing certain other legacies, all the rest, residue and remainder of the estate, both real and personal, was devised in trust: first, for the support of his father; and second, after the death of the father the trustee was to pay to the Oneida Seminary $15,000, and the balance to his sons, share and share alike. The question was whether the legacy of $5,000 to the son could be charged on the real property. It was held that it was such a charge. The court said that as the general legatee was one of the testator's sons, while the residuary legatee was the seminary, that it was not the intention of the testator to give a preference to the seminary over his children, and for the further reason that the residuary estate, both real and personal, constituted a single fund; in other words, that there was a blending of the two estates. The court distinguished it from the Lupton case on the ground of the difference of relationship between the testators and legatees in the two cases.

In Forster v. Civill (20 *Hun*, 282) the testator bequeathed nine specific legacies and no specific devise of real estate, the only provision in that regard being that " all the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever, I give, devise and bequeath," etc. The question was whether the legacies were a charge upon the real estate, the personalty being utterly insufficient. It was held they were a charge on the realty because there was no specific devise of real estate, and consequently the language in the residuary clause evidenced an intention on the part of the testator to charge the

realty.   In the case at bar, there is no specific devise
of real estate, and the language of the residuary
clause is similar to that used in the above case.

In Manson v. Manson (8 *Abb. N. C.*, 123), the
testator bequeathed $20,000 to his wife ; his personal
property only amounting to $500.   Held, that the
legacy was a charge on the land.   The point which
seemed to influence the Justice there was that the
personalty was grossly inadequate to satisfy the leg-
acy.   *Quære :* Would $1,000 be grossly inadequate
to charge legacies amounting to $4,000 ?

In Bevan v. Cooper (72 *N. Y.*, 317), the testator,
after directing the payment of his debts out of his
personal property and after certain general bequests
to strangers to his blood and a specific devise of cer-
tain real estate, the will directs in the residuary clause :
" I give, devise and bequeath all the rest, residue and
remainder of my estate, real and personal, to the ex-
ecutors of my will in trust . . . . . to rent the rest
of my real estate and invest the rest of my personal
property and keep the same invested in good securi-
ties."   The personal estate proved insufficient to pay
the debts and general legacies.   Held, that the gen-
eral legacies were not chargeable on the residuary
real estate for the reason that the inadequacy of the
personalty was not revealed until after the testator's
death ; and for the further reason that there was no
evidence in the residuary clause that it was the inten-
tion of the testator to blend the two estates ; on
the contrary, there was an expressed intention to keep
the two estates separate ; and for the further reason
that the legacies sought to be charged were to stran-

gers to his blood, while the residuary legatees were his
widow and children, the court would not infer that he
meant to prefer the general legatees to them; and for
the further reason that there was a specific devise of
real estate and personal property, and that it was fair
to presume that it was the rest of the real estate which
he gave after that specific devise of real estate.

Reynolds v. Reynolds (16 *N. Y.*, 257) is another
leading case on the subject.   There the testator be-
queathed a legacy of $1,200 to his son, and ordered
that it, with other legacies, should be paid within one
year, without directing out of what fund, and then
bequeathed all his real and personal estate to two
other sons and appointed them his executors.   The
personal estate was insufficient to pay the legacy of
$1,200, and it was held that the legacy should abate
in proportion to the deficiency and that no part there-
of could be charged on the real estate.   The grounds
of this decision being that the real estate could not
be subjected to the payment of legacies unless an in-
tention to that effect was expressed in or fairly to be
inferred from the terms of the will; and that the
question whether the real estate is charged is one of
intention on the part of the testator, and that no such
intention was indicated by giving real and personal
property by the same clause of a will; and that the
devise and bequest to the executors does not purport
to be of the remainder of the estate.   The language
of the residuary clause was "all his real and personal
estate," etc.—not the rest, residue and remainder.

In Tracy v. Tracy (15 *Barb.*, 503), it was held that
where a testator had given three legacies of $150

each, and then devised and bequeathed all the rest, residue and remainder of his estate, both real and personal, that the real estate was chargeable with the legacies together with the personalty, because there was a blending and combining of the real and personal estate in one devise and in the same clause of the will.

This case is considered in the Reynolds case (*supra*), and BOWEN, J., says that he thinks the decision was put on the wrong ground, viz.: the blending of the real and personal estate; that the real ground was because the rest, residue and remainder of the property were devised and bequeathed (see cases cited). The learned Justice does not pronounce the decision to be erroneous; on the contrary, he recognizes the correctness of the conclusion but objects to the reasoning.

The rule laid down in the Reynolds case and the Lupton case (*supra*) has been generally followed, and it is universally conceded that the intention of the testator must be either clearly expressed or easily presumed from the context of the will; all the surrounding circumstances, such as the amount of personal property owned by deceased at the time of the making of the will, and whether it was sufficient to meet the legacies charged upon it (Wiltsie v. Shaw, 100 *N. Y.*, 191).

In Hoyt v. Hoyt (85 *N. Y.*, 142) the testator, after directing that his debts be paid, bequeathed $1,500 to each one of his three grandchildren, and all the rest, residue and remainder of his estate to his wife. Held, that the legacies were a charge on the land.

The court said that no man will make a legacy, save with the honest, sober minded intention that it will be paid, and when, therefore, the personal estate was known to the testator to be insufficient to pay the legacies, the bare fact of giving a legacy indicates an intention that it shall be met with the real estate.

I have carefully examined all the cases bearing on this point, the above being but a small number of them, and culled from the mass, as being most in point, *pro* and *con*, and as best setting forth the law.

The question is undoubtedly a very nice one and, as appears from all the authorities examined, turns simply on the point of the construction of the will and the intention of the testator. The general rule is laid down in Lupton v. Lupton (*supra*), and while this case has never been overruled the doctrine laid down has been held elastic enough, however, to justify marked distinction, as in one case there was a difference of the degree of relationship between the legatees and the testator from that in the Lupton case (Scott v. Stebbins, *supra*), and in another because the court assumed that the testator must have intended to charge his real estate with the payment of the legacies because the personal property proved to be grossly inadequate (Manson v. Manson, *supra*); and so on, in every case, while the general rule is recognized, it is not made applicable to that particular case because of certain extraneous facts and extrinsic circumstances surrounding it and peculiar to it.

The general rule of evidence as to the non-introduction and non-consideration of extrinsic facts, to determine what the intention of the testator might

be, has been construed very liberally when applied to such an intention as we are discussing. We, thus, may understand that the particular facts of each particular case, within a rather liberal line prescribed by the above line of decisions, must determine the intention of the testator.

Let us examine the facts in the case at bar in the light of the discussed adjudications. It is shown that the personal property of the testator at the date of the execution of the will amounted to about the sum of $1,000, while the legacies amount to $4,000. This fact can be considered and goes to show that the testator must have intended to charge his real estate with the payment of them. As was said in Bevan v. Cooper (*supra*): "It is hardly to be supposed that a man of sense, engaged in the solemn and deliberate matter of making a final disposition of his worldly estate, would trifle with the subject by making bequests which he did not expect or intend should be satisfied." It is true that in this last case, the legacies were held not to be charges on the real estate, but for the reason among others, that the inadequacy of the personal property was not revealed until after the death of the testator, while in the case at bar it existed, and I think will be presumed to have been known to the testator at the date of the execution of the will.

In the fifth clause of the will the testator bequeathed all the rest, residue and remainder of my property, both real and personal, etc.

This to my mind, in view of the accompanying facts, is strong proof that it was the intention of the

testator to charge the realty.  There was no devise of real estate, specific in nature ; the residuary clause contained the only devise of testator's realty.

The phrase rest, residue and remainder implies that the testator contemplated the appropriation of certain of his realty for some purpose, and there is nothing for which it can be used except the making up of the deficiency in the personalty.  I think this conclusion is fully sustained by the above decisions.

Finally, another fact which influences me strongly is that the executors are directed to pay the general legatees during their minority the half yearly interest on their legacies.  It is evident from this provision that it was the intention of the testator that these legacies should be paid, and, if necessary, from the realty.

The legacies must be held to be a charge on the realty.